# UNITED STATES DISTRICT COURT
### DISTRICT OF PUERTO RICO
### FEDERICO DEGETAU FEDERAL BLDG. - RM. 150
### CARLOS CHARDON AVE.
### HATO REY, PUERTO RICO 00918-1767

FRANCES RIOS DE MORAN
    CLERK

TEL. (787) 772-3012
FAX (787) 766-5693

## 08-80255-CIV-MARRA/JOHNSON

February 27, 2008

```
FILED by ___JC___ D.C.
ELECTRONIC

MAR. 11, 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI
```

Mr. Steven M. Larimore
Clerk of Court
US District Court
Southern District of Florida
301 North Miami Avenue
Miami, FL 33128

    Re:  Civil No.  07-1442 (JAG)
<u>Zurich American Insurance</u>
<u>Company v. Hi-Mar Specialty</u>
<u>Chemicals, LLLC</u>
Civil No. 07-1495 <u>Mapei, Inc.</u>
<u>Et al v. Hi-Mar Specialty</u>
<u>Chemicals, LLC</u>

Dear Mr. Steven M. Larimore:

    In accordance with the Order entered on February 25, 2008 transferring the above-entitled action to your district, we hereby enclose a certified copy of the Order and the docket sheet. You can obtain any additional documents by accessing our docket through your Court's PACER account.

        Very truly yours,

        FRANCES RIOS DE MORAN
        Clerk of Court

    By: Lida I. Egele
        Operations Manager

CLOSED, CLOSEDFILE, LEADCASE

# United States District Court
## District of Puerto Rico (San Juan)
## CIVIL DOCKET FOR CASE #: 3:07-cv-01442-JAG

Zurich American Insurance Company v. Hi-Mar Specialty Chemicals, L.L.C.

Assigned to: Judge Jay A Garcia-Gregory

Demand: $75,000

Cause: 28:1332 Diversity-Other Contract

Date Filed: 05/23/2007

Date Terminated: 02/25/2008

Jury Demand: Plaintiff

Nature of Suit: 385 Prop. Damage Prod. Liability

Jurisdiction: Diversity

### Plaintiff

**Zurich American Insurance Company**
*as Sbrogee of Mapei Corp. and Mapei Caribe, Inc.*

represented by **David C. Indiano-Vicic**
Indiano & Williams, PSC
207 Del Parque Street
Third Floor
San Juan, PR 00912
787-641-4545
Fax: 787-641-4544
Email:
david.indiano@indianowilliams.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**PHV Douglas B. Fox**
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
(215)665-2017
Fax: (877)286-4536
Email: dfox@cozen.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**PHV Jake P. Skaggs**
Cozen O' Connor
1221 McKinney

Suite 2900
Houston, TX 77010
(832)214-3900
Fax: (832)214-3905
Email: jskaggs@cozen.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Seth Erbe**
Indiano & Williams, PSC
207 Del Parque Street
Third Floor
San Juan, PR 00912
787-641-4545
Fax: 787-641-4544
Email:
seth.erbe@indianowilliams.com
*ATTORNEY TO BE NOTICED*

V.

**Consol Plaintiff**

| | | |
|---|---|---|
| **Mapei, Inc.** | represented by | **David C. Indiano-Vicic** |

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**PHV Douglas B. Fox**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**PHV Jake P. Skaggs**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Seth Erbe**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Consol Plaintiff**

**Mapei Caribe, Inc**                    represented by **David C. Indiano-Vicic**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**PHV Douglas B. Fox**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**PHV Jake P. Skaggs**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Seth Erbe**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Consol Plaintiff**

**Mapei Corporation**                    represented by **David C. Indiano-Vicic**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**PHV Douglas B. Fox**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**PHV Jake P. Skaggs**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Seth Erbe**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

| | | |
|---|---|---|
| **Hi-Mar Specialty Chemicals, L.L.C.** *also known as* Octel Performance Chemicals, Inc. | represented by | **Manuel Porro-Vizcarra** Manuel Porro Vizcarra Law Office Buchanan Office Center 40 Carr 165 Suite 101 Guaynabo, PR 00968-8001 787-774-8200 Fax: 787-774-8297 Email: mpvlaw@centennialpr.net *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 05/23/2007 | 1 | COMPLAINT against Hi-Mar Specialty Chemicals, L.L.C. (Filing fee $ 350.), filed by Zurich American Insurance Company. (Attachments: # 1 Exhibit 1) Filing Documents) (Indiano-Vicic, David) . (Entered: 05/24/2007) |
| 05/23/2007 | | Summons Issued as to Hi-Mar Specialty Chemicals, L.L.C.Service due by 9/24/2007. (jap, ) (Entered: 05/29/2007) |
| 06/15/2007 | 2 | NOTICE of Appearance by Seth Erbe on behalf of Zurich American Insurance Company (Erbe, Seth) (Entered: 06/15/2007) |
| 06/22/2007 | 3 | SUMMONS Returned Executed by Zurich American Insurance Company upon Hi-Mar Specialty Chemicals, L.L.C. served on 6/8/2007, answer due 6/28/2007. (Erbe, Seth) (Entered: 06/22/2007) |
| 06/29/2007 | 4 | NOTICE of Appearance by Manuel Porro-Vizcarra on behalf of Hi-Mar Specialty Chemicals, L.L.C. (Porro-Vizcarra, Manuel) (Entered: 06/29/2007) |
| 07/11/2007 | 5 | MOTION to Consolidate Cases filed bySeth Erbe on behalf of Zurich American Insurance Company (Erbe, Seth) (Entered: 07/11/2007) |
| 07/13/2007 | 6 | ORDER granting 5 Motion to Consolidate Cases, subject to Judge Casellas' consent . Signed by Judge Jay A Garcia-Gregory on 7/13/07. (lr, ) (Entered: 07/13/2007) |
| 08/02/2007 | 7 | MOTION to dismiss *Complaint for lack of in personam jurisdiction* as to Zurich American Insurance Company filed |

| | | |
|---|---|---|
| | | byManuel Porro-Vizcarra on behalf of Hi-Mar Specialty Chemicals, L.L.C. Suggestions in opposition/response due by 8/15/2007 (Attachments: # 1 Affidavit Robert Pietrangelo) (Porro-Vizcarra, Manuel) (Entered: 08/02/2007) |
| 08/03/2007 | 8 | MOTION to Appear Pro Hac Vice by Attorney *Jake P. Skaggs* filed byDavid C. Indiano-Vicic on behalf of Zurich American Insurance Company (Indiano-Vicic, David) (Entered: 08/03/2007) |
| 08/03/2007 | 9 | MOTION to Appear Pro Hac Vice by Attorney *Douglas B. Fox* filed byDavid C. Indiano-Vicic on behalf of Zurich American Insurance Company (Indiano-Vicic, David) (Entered: 08/03/2007) |
| 08/03/2007 | | PHV Filing Fee Received for Jake Skaggs & Douglas Fox $ 300.00, receipt number 170762 & 170763. (jap, ) (Entered: 08/03/2007) |
| 08/03/2007 | 10 | ORDER granting 8 Motion to Appear PHV, granting 9 Motion to Appear PHV . Signed by Judge Jay A Garcia-Gregory on 8/3/07. (lr, ) (Entered: 08/03/2007) |
| 08/17/2007 | 11 | MOTION to Conduct Jurisdictional Discovery and to Hold in Abeyance Defendant's Motion to Dismiss re 7 MOTION to dismiss *Complaint for lack of in personam jurisdiction* as to Zurich American Insurance Company filed by Hi-Mar Specialty Chemicals, L.L.C., filed bySeth Erbe on behalf of Zurich American Insurance Company, Mapei, Inc., Mapei Caribe, Inc, Mapei Corporation (Attachments: # 1 Exhibit 1) Hi Mar Web Page)(Related document(s) 7 ) (Erbe, Seth) (Entered: 08/17/2007) |
| 08/23/2007 | 12 | ORDER granting as requested 11 MOTION to Conduct Jurisdictional Discovery and to Hold in Abeyance Defendant's Motion to Dismiss. **Discovery due by 11/20/2007. Response to Motion due by 12/5/2007** . Signed by Judge Jay A Garcia-Gregory on 8/23/07. (lr, ) (Entered: 08/23/2007) |
| 12/04/2007 | 13 | MOTION for extension of time until January 7, 2007 to Complete Jurisdictional Discovery and File a Responsive Brief filed bySeth Erbe on behalf of all plaintiffsSuggestions in opposition/response due by 12/20/2007 (Attachments: # 1 Errata A)(Erbe, Seth) (Entered: 12/04/2007) |
| | | |

| 12/05/2007 | 14 | ORDER granting 13 Motion for extension of time. Response to Defendant's 7 Motion to Dismiss is due by 1/8/2008. Signed by Judge Jay A Garcia-Gregory on 12/5/07. (VA) (Entered: 12/05/2007) |
| 12/07/2007 | 15 | RESPONSE in Opposition to Motion *TO REQUEST FOR EXTENSION OF TIME* filed by all plaintiffs Re: 13 MOTION for extension of time until January 7, 2007 to Complete Jurisdictional Discovery and File a Responsive Brief filed by Zurich American Insurance Company filed by all plaintiffs. (Porro-Vizcarra, Manuel) (Entered: 12/07/2007) |
| 12/10/2007 | 16 | ORDER noted 7 Motion to Dismiss. Signed by Judge Jay A Garcia-Gregory on 12/10/07. (VA) (Entered: 12/10/2007) |
| 12/21/2007 | 17 | Joint MOTION for extension of time until February 7, 2008 and February 8, 2008 to complete jurisdictional discovery and file Plaintiffs' response in opposition to motion to dismiss, respectively filed bySeth Erbe on behalf of Zurich American Insurance Company, Hi-Mar Specialty Chemicals, L.L.C., Mapei, Inc., Mapei Caribe, Inc, Mapei CorporationSuggestions in opposition/response due by 1/6/2008 (Erbe, Seth) (Entered: 12/21/2007) |
| 12/26/2007 | 18 | ORDER granting 17 Motion for extension of time. Jurisdictional Discovery due by 2/7/2008. Plaintiff's response to the Motion to Dismiss is due by 2/8/2008. Signed by Judge Jay A Garcia-Gregory on 12/26/07. (VA) (Entered: 12/26/2007) |
| 01/25/2008 | 19 | Joint MOTION for extension of time until February 22, 2008 to Respond to Defendant's Motion to Dismiss filed byDavid C. Indiano-Vicic on behalf of Zurich American Insurance Company, Hi-Mar Specialty Chemicals, L.L.C., Mapei, Inc., Mapei Caribe, Inc, Mapei Corporation Suggestions in opposition/response due by 2/10/2008 (Attachments: # 1 Exhibit A)(Indiano-Vicic, David) (Entered: 01/25/2008) |
| 02/06/2008 | 20 | ORDER granting 19 Motion for extension of time. Plaintiffs' response to the Motion to Dismiss is due by 2/22/08. (. Signed by Judge Jay A Garcia-Gregory on 2/6/08.) (VA) (Entered: 02/06/2008) |
| 02/21/2008 | 21 | MOTION to transfer case *(Unopposed)* filed byDavid C. Indiano-Vicic on behalf of Zurich American Insurance |

| | | |
|---|---|---|
| | | Company, Mapei, Inc., Mapei Caribe, Inc, Mapei Corporation (Attachments: # 1 Exhibit 1) Memorandum in Support) (Indiano-Vicic, David) (Entered: 02/21/2008) |
| 02/25/2008 | 22 | ORDER granting 21 Motion to transfer case. Signed by Judge Jay A Garcia-Gregory on 2/25/08. (VA) (Entered: 02/25/2008) |
| 02/27/2008 | 23 | TRANSMITTAL Letter to the Southern District of Florida forwarding certified copies of Order of Transfer, Docket Sheet with case record attached. (ab) (Entered: 02/27/2008) |

| PACER Service Center | | | | |
|---|---|---|---|---|
| Transaction Receipt | | | | |
| 03/11/2008 16:57:37 | | | | |
| PACER Login: | ux3925 | Client Code: | | |
| Description: | Docket Report | Search Criteria: | 3:07-cv-01442-JAG | |
| Billable Pages: | 4 | Cost: | 0.32 | |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

---

ZURICH AMERICAN INSURANCE COMPANY,
as Subrogee of Mapei Corp. and Mapei Caribe, Inc.

Plaintiff,

CV CASE NO: 07-1442 (JAG)

v.

HI-MAR SPECIALTY CHEMICALS, L.L.C. a/k/a
OCTEL PERFORMANCE CHEMICALS, INC.

JURY TRIAL DEMANDED

Defendant.

---

### COMPLAINT

COMES NOW Plaintiff, Zurich American Insurance Company, as Subrogee of Mapei Corp. and Mapei Caribe, Inc., complaining of Defendant Hi-Mar Specialty Chemicals, L.L.C. a/k/a Octel Performance Chemicals, Inc. (hereinafter referred to as "Defendant"), and in support of its causes of action alleges the following:

### PARTIES

1. Plaintiff, Zurich American Insurance Company (referred to as "Zurich"), as subrogee of Mapei Corp., is a corporation organized and existing under the laws of the State of New York, with a principal place of business at 1400 American Lane, Schaumburg, Illinois. At all times material hereto, Zurich was authorized to sell insurance to international and domestic corporations under the laws of the states, territories and countries where it does business, and issued a policy of insurance to Mapei Corp. and Mapei Caribe, Inc. (hereinafter jointly "Mapei").

2. Defendant, Hi-Mar Specialty Chemicals, L.L.C. a/k/a Octel Performance Chemicals, Inc., (referred to as "Defendant") is, upon information and belief, a corporation

organized and existing under the laws of the State of Wisconsin. Defendant may be served with summons and a copy of this Complaint by serving its registered agent for service, to wit: CT Corporation System, 8025 Excelsior Drive, Madison, Wisconsin 53717.

## JURISDICTION AND VENUE

3. The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship amongst the parties, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. Pursuant to 28 U.S.C. §1391(a)(2), venue is proper in this Court because a substantial part of the events and/or omissions that gave rise to this suit occurred within the District of Puerto Rico.

## FACTUAL ALLEGATIONS

5. Mapei produces various products including grout at a manufacturing facility and warehouse located at Rd. 2km, 26.2 Barrio Espinosa, Dorado, Puerto Rico.

6. Among other materials, and at all relevant times, Mapei included a defoaming agent known as Octafoam D-832 in its grout formula. The D-832 Octofoam that Mapei incorporated into its grout formula was, at all relevant times, manufactured, distributed and/or sold by Defendant.

7. On June 11, 2006, a fire ignited inside Mapei's Puerto Rico factility. The fire originated at an area inside the warehouse where Mapei stored D-832 Octofoam that had been manufactured, distributed and/or sold by Defendant.

8. The aforesaid fire was caused by the self-heating and spontaneous ignition of the D-832 Octofoam that was manufactured, distributed and/or sold by Defendant.

2

9.     The fire thereafter spread throughout the entire warehouse and damaged and/or destroyed Mapei's real and personal property, including but not limited to manufacturing equipment, office equipment, stock and inventory.

10.     Following the fire, Mapei submitted a first-party insurance claim to Zurich for the damages the fire caused to its property and its business interests.  In addition, Mapei submitted a first-party claim for its loss of business income that it incurred as a result of the fire. Zurich is subrogated to the rights of Mapei to the extent of the payments it has made or will make as a result of the first-party insurance claim.

## <u>COUNT I – MANUFACTURING DEFECT</u>

11.     Plaintiff hereby incorporates by reference the averments contained in the preceding paragraphs and, without waiving the foregoing, pleads:

12.     Defendant is engaged in the business of manufacturing, distributing and/or selling defoaming agents for use (among other things) as an additive in grout.

13.     Defendant defectively manufactured, distributed and/or sold the D-832 Octofoam that spontaneously heated inside Mapei's warehouse.  Specifically, the D-832 Octofoam was manufactured, distributed and/or sold with a substance that caused it to self-heat and spontaneously ignite while in storage.  This defect was a producing cause of plaintiff's damages. Thus, Defendant is strictly liable for plaintiff's damages.

WHEREFORE, plaintiff prays that the defendant be summoned to appear and answer herein, and that upon a final jury trial of the merits, judgment be entered against Defendant Hi-Mar Specialty Chemicals, L.L.C. a/k/a Octel Performance Chemicals, Inc. for plaintiff's damages, pre- and post-judgment interest, costs of court and all other relief to which plaintiff may be entitled.

## COUNT II – WARNING DEFECT

14.     Plaintiff adopts and incorporates herein by reference the averments contained in the preceding paragraphs and, without waiving the foregoing, alternatively pleads:

15.     Defendant is engaged in the business of manufacturing, marketing, selling and/or distributing defoaming additives for use in (among other products) grout.   Defendant represented, marketed and/or advised that D-832 Octofoam was safe and suitable as an additive in grout.  Moreover, Defendant failed to warn, apprise or otherwise notify Mapei that D-832 Octofoam had the potential to self-heat and spontaneously heat, or that any special precautions were required in handling or storage to ensure that the product did not self-heat or spontaneously ignite.  Defendant's failure to warn as aforesaid was a producing cause of plaintiff's damages.

WHEREFORE, plaintiff prays that the defendant be summoned to appear and answer herein, and that upon a final jury trial of the merits, judgment be entered against Defendant Hi-Mar Specialty Chemicals, L.L.C., a/k/a/ Octel Performance Chemicals, Inc. for plaintiff's damages, pre- and post-judgment interest, costs of court and all other relief to which plaintiff may be entitled.

## COUNT III – NEGLIGENCE, GROSS NEGLIGENCE AND RECKLESSNESS

16.     Plaintiff adopts and incorporates herein by reference the averments contained in the preceding paragraphs and, without waiving the foregoing paragraphs, alternatively pleads:

17.     Defendant, its agents, servants and/or employees owed plaintiff's insured, Mapei, a duty to exercise reasonable and ordinary care during the manufacturing, testing, inspection, packaging, distribution and/or sale of the D-832 Octofoam.  Defendant breached its duty of care in one or more of the following manners:

     a.     failing to properly manufacture, process, package and/or distribute the D-832 Octofoam to ensure that it was not capable of self-heating and/or that

4

foreign substances capable of causing self-heating did not contaminate the product;

b.  failing to adequately inspect and/or test the D-832 Octofoam, when such inspections and/or testing would have revealed that the product was capable of self-heating and igniting, and/or that the product was contaminated with a substance that could spontaneously heat;

c.  failing to maintain a hygienic and sanitary facility during the manufacture, sale and/or distribution of D-832 Octofoam;

d.  failing to properly and safely package and distribute the Octafoam D-832, when proper shipping and packaging would have prevented self-heating of the product;

e.  failing to warn Mapei and others that D-832 Octofoam may spontaneously heat and combust and that the product should be stored in a manner that will prevent the spread of the fire; and

f.  failing to act as a reasonably prudent manufacturer, distributor and/or seller would have acted under the same or similar circumstances;

18.  Each of the aforementioned acts and/or omissions, whether taken singularly or in any combination, constituted a breach of Defendant's duty of care.  Accordingly, Defendant was negligent, grossly negligent and/or reckless.  Defendant's breach of care was a proximate cause of plaintiff's damages.

WHEREFORE, plaintiff prays that defendant be summoned to appear and answer herein, and that upon a final jury trial of the merits, judgment be entered against Defendant Hi-Mar Specialty Chemicals, L.L.C. a/k/a/ Octel Performance Chemicals, Inc., for plaintiff's damages, pre- and post-judgment interest, costs of court and all other relief to which plaintiffs may be entitled.

## COUNT IV-BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES

19.  Plaintiff adopts and incorporates herein by reference the averments contained in the preceding paragraphs and, without waiving the foregoing paragraphs, alternatively pleads:

20. By virtue of the foregoing, Defendant breached express and/or implied warranties, including but not limited to warranties of fitness for a particular purpose and warranties of merchantability.

21. The aforesaid breaches, of which notice has been provided to Defendant, were the cause of the damages alleged herein.

WHEREFORE, plaintiff prays that defendant be summoned to appear and answer herein, and that upon a final jury trial of the merits, judgment be entered against Defendant Hi-Mar Specialty Chemicals, L.L.C. a/k/a/ Octel Performance Chemicals, Inc., for plaintiff's damages, pre- and post-judgment interest, costs of court and all other relief to which plaintiffs may be entitled.

22. Plaintiff demands a trial by jury on all preceding causes of action.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico on this 23rd day of May, 2007.

**INDIANO & WILLIAMS, P.S.C.**
207 Del Parque St.
Third Floor
San Juan, Puerto Rico 00912
Tel:  (787) 641-4545
Fax: (787) 641-4544
david.indiano@indianowilliams.com

By: _____
David C. Indiano
USDC # 200601

6

**OF COUNSEL**
COZEN O'CONNOR
Douglas B. Fox, Esquire
1900 Market Street
Philadelphia, PA 19103
Telephone: 215-665-2017
dfox@cozen.com

Jake P. Skaggs, Esquire
One Houston Center
1221 McKinney Street, Suite 2900
Houston, TX  77010
Telephone: 832-214-3900
jskaggs@cozen.com

7

JS 44   (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

ZURICH AMERICAN INSURANCE
COMPANY (as subrogee)

**(b)** County of Residence of First Listed Plaintiff _____ Illinois _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
David C. Indiano
Indiano & Williams, P.S.C.
207 Del Parque; Third Floor
San Juan, PR 00912
(787) 641-4545

## DEFENDANTS

HI-MAR SPECIALTY CHEMICALS, LLC

County of Residence of First Listed _____ Wisconsin _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1   U.S. Government Plaintiff

☐ 2   U.S. Government Defendant

☐ 3   Federal Question
(U.S. Government Not a Party)

☒ 4   Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                      and One Box for Defendant)

| | PLF | DEF | | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of | Slander | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| Judgment | ☐ 330 Federal Employers' | ☐ 650 Airline Regs. | | Corrupt Organizations |
| ☐ 151 Medicare Act | Liability | ☐ 660 Occupational | ☐ 820 Copyrights | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted | ☐ 340 Marine | Safety/Health | ☐ 830 Patent | ☐ 850 Securities/Commodities/ |
| Student Loans | ☐ 345 Marine Product | ☐ 690 Other | ☐ 840 Trademark | Exchange |
| (Excl. Veterans) | Liability | | | ☐ 875 Customer Challenge |
| ☐ 153 Recovery of Overpayment | ☐ 350 Motor Vehicle | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| of Veteran's Benefits | ☐ 355 Motor Vehicle | | | ☐ 891 Agricultural Acts |
| ☐ 160 Stockholders' Suits | Product Liability | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | Act | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| | | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | Information Act |
| | | | | ☐ 900 Appeal of Fee |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | **FEDERAL TAX SUITS** | Determination Under Equal Access to |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | | Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | ☐ 870 Taxes (U.S. Plaintiff | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | or Defendant) | State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 871 IRS —Third Party | |
| | | ☐ 550 Civil Rights | 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | |

(In the PERSONAL INJURY column under TORTS: ☐ 362 Personal Injury— Med. Malpractice; ☐ 365 Personal Injury— Product Liability; ☐ 368 Asbestos Personal Injury Product Liability; **PERSONAL PROPERTY** ☐ 370 Other Fraud; ☐ 371 Truth in Lending; ☐ 380 Other Personal Property Damage; ☒ 385 Property Damage Product Liability)

(Under LABOR: ☐ 730 Labor/Mgmt.Reporting & Disclosure Act; ☐ 740 Railway Labor Act; ☐ 790 Other Labor Litigation; ☐ 791 Empl. Ret. Inc. Security Act)

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. sec. 1332 (diversity jurisdiction); Manufacturing Defect, Warning Defect, Negligence, Breach of Warranty

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE _____

DOCKET NUMBER _____

DATE   5/23/07

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____



# United States District Court *for the* District of Puerto Rico

## CATEGORY SHEET

1. Title of Case (Name of first party on each side only)

   Zurich American Insurance Company v. Hi-Mar Specialty Chemicals, LLC

2. Category in which case belongs: (See Local Rules)

   _____ X _____ ORDINARY CIVIL CASE
   _____ SOCIAL SECURITY
   _____ BANK CASE
   _____ INJUNCTION

3. Title and number, if any, of related cases (See Local Rules)

   _____ N/A _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this Court?
   ☐ YES      ☒ NO

5. Is this case required to be heard and determined by a District Court of three judges pursuant to Rule 28 U.S.C. 2284?
   ☐ YES      ☒ NO

6. Does this case question the constitutionality of a state statute (FRCP 24)?

   ☐ YES      ☒ NO

(Please Print)

USDC ATTORNEY'S ID NO. ___ David C. Indiano USDC # 200601 ___

ATTORNEY'S NAME: ___ Indiano & Williams, PSC ___

MAILING ADDRESS: ___ 207 Del Parque; 3rd Floor ___

___ San Juan, PR ___ ZIP CODE ___ 00912 ___

TELEPHONE NO. ___ (787) 641-4545 ___

 **United States District Court** *for the* **District of Puerto Rico**

## CURRENT ADDRESS NOTICE

PLEASE, INCLUDE THIS NOTICE WITH THE FILING OF YOUR CIVIL COVER SHEET AND COMPLAINT. YOU HAVE AN ONGOING RESPOSIBILITY TO KEEP THE COURT INFORMED OF YOUR CURRENT ADDRESS.

NOTICES MAY NOT BE RECEIVED IF YOU DO NOT COMPLY WITH THIS REQUEST.

| | |
|---|---|
| NAME OF ATTORNEY (Last Name, First Name, Initial) | David C. Indiano, Esq. |
| OFFICE ADDRESS | INDIANO & WILLIAMS, P.S.C. 2101 Hato Rey Tower, 268 Muñoz Rivera Ave. San Juan (Hato Rey), PR 00918 |
| TELEPHONE NO.      (787) 754-2323 | FAX NO.      (787) 766-3366 |
| MAILING ADDRESS   same as above | |
| USDC NO.      #200601 | |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ZURICH AMERICAN INSURANCE COMPANY,** <br><br> **PLAINTIFF,** <br><br> **vs.** <br><br> **HI-MAR SPECIALTY CHEMICALS, LLC,** <br><br> **DEFENDANT.** | **CIVIL NO. 07-1442 ( JAG )** <br><br><br><br> <u>**JURY DEMAND**</u> |

## <u>NOTICE OF APPEARANCE</u>

**APPEARS NOW** the Plaintiff in this action, through the undersigned attorney, and respectfully notifies the Honorable Court as follows:

The undersigned, Seth A. Erbe, hereby appears on behalf of Plaintiff in this action and joins Plaintiff's present attorney of record, in this case. The undersigned respectfully requests that the Honorable Court take notice of this appearance and notify the undersigned of all filings in the above captioned case.

**WHEREFORE**, Plaintiff respectfully requests that the Honorable Court take notice of the undersign's appearance on behalf of Plaintiff.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 15th day  of June, 2007.

Page 1 of 2

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date, I filed the preceding motion with the Court's CM/ECF system which will notify the counselors of record.

**INDIANO & WILLIAMS, P.S.C.**
207 del Parque Street, 3rd Floor
San Juan, Puerto Rico 00912
Tel: (787) 641-4545; Fax: (787) 641-4544
seth.erbe@indianowilliams.com


By: ____s/ Seth A. Erbe____
**SETH A. ERBE**
**USDC PR Bar No. 220807**

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

## DISTRICT OF PUERTO RICO

ZURICH AMERICAN INSURANCE COMPANY

**SUMMONS IN A CIVIL CASE**

V.

HI-MAR SPECIALTY CHEMICALS, LLC
a/k/a OCTEL PERFORMANCE CHEMICALS, INC.

CASE NUMBER: 07- *1442 (346*

TO: (Name and address of Defendant)

HI-MAR SPECIALTY CHEMICAL, LLC
through its registered agent:
CT COPORATION SYSTEM
8025 Excelsior Drive, Madison, WI 53717

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

David C. Indiano
Indiano & Williams, PSC
207 Del Parque, Third Floor
San Juan, PR 00912
Tel: (787) 641-4545
Fax: (787) 641-4544
david.indiano@indianowilliams.com

an answer to the complaint which is herewith served upon you, within _____*20*_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN

MAY 2 3 2007

CLERK

DATE

*NEIL ALMEIDA*
**DEPUTY CLERK**

(By) DEPUTY CLERK

AO 440  (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | 06/08/07 |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|
| Kyle Vidlock | Process Server |

*Check one box below to indicate appropriate method of service*

☒ Served personally upon the third-party defendant. Place where served: Dawn M. Pederson

8025 Excelsior Drive Suite 200

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $30.00 |
|---|---|---|

### DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _06/08/07_          _____

        Date           Signature of Server

JBM PATROL & PROTECTION
3110 KINGSLEY WAY
MADISON, WI 53713
Address of Server TELEPHONE (608) 222-5156

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

ZURICH AMERICAN INSURANCE COMPANY,
As Subrogee of Mapei Corp. and Mapei Caribe, Inc.
PLAINTIFF

v.

HI-MAR SPECIALTY CHEMICALS, L.L.C. a/k/a
OCTEL PERFORMANCE CHEMICALS, INC

DEFENDANT

CV CASE NO: 07-1442 (JAG)

JURY TRIAL DEMANDED

**NOTICE OF APPERANCE**

To the Honorable Court:

Comes now the defendant, Hi-Mar Specialty Chemicals, L.L.C., through its undersigned attorneys and respectfully serves notice that it has waived service of summons in the above captioned action without, however, waiving its objection to the in personam jurisdiction of this Honorable Court over the appearing defendant, all in accordance with Fed. R. Civ. P. 4 (d) (1).

Respectfully submitted, this 28th day of June 2007, in Guaynabo, Puerto Rico..

I hereby certify that on June 28th, 2007, I electronically filed the foregoing with the clerk of the Court using the CM/ECF system which will send notification of such filling to the following: David C. Indiano, Esq.; Douglas B. Fox, Esq.; and Jake P. Skaggs, Esq.

MANUEL PORRO VIZCARRA
LAW OFFICES
Buchanan Office Center
40 Carr. 165 suite 101
Guaynabo, Puerto Rico 00968-8001
Tel.(787) 774-8200 Fax (787) 774-8297

/S/ MANUEL PORRO –VIZCARRA
USDC # 207006

E-mail: mpvlaw@centennialpr.net

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY,<br><br>　　　PLAINTIFF,<br><br>　　　　vs.<br><br>HI-MAR SPECIALTY CHEMICALS, LLC,<br><br>　　　DEFENDANT. | CIVIL NO. 07-1442 ( JAG )<br><br><br><br>__JURY DEMAND__ |

## __MOTION FOR CONSOLIDATION__

**APPEARS NOW** the Plaintiff in this action, through the undersigned attorney, and respectfully states and requests that case number CV 07-1442 (JAG) and CV 07-1495 (SEC) be consolidated pursuant to Fed.R.Civ.P. 42 as set forth as follows:

Plaintiff Zurich American Insurance Company (hereinafter "Zurich") filed a Complaint against Defendant Hi-Mar Specialty Chemicals, Inc. on May 23, 2007, which was assigned case number CV 07-1442 (JAG). Docket No. 1. In the Complaint,  Plaintiff Zurich stated that it issued an insurance policy to Mapei Corp. and Mapei Caribe, Inc. and that it had standing as a subrogee. *Id*.

On June 11, 2007, Mapei Inc., Mapei Caribe, Inc., and Mapei Corporation (hereinafter "Mapei") filed a separate suit against Hi-Mar Specialty Chemicals, Inc. which has been assigned

Page 1 of 2

case number CV 07-1495 (SEC). The subsequently filed case arises from the same set of facts and circumstances as described in CV 07-1442 (JAG) and will likely involve the same questions of law. In order for the parties to more efficiently litigate these cases involving the same occurrence, Plaintiff Zurich respectfully requests that the Honorable Court grant the consolidation of CV 07-1442 (JAG) and CV 07-1495 (SEC) pursuant to Fed.R.Civ.P. 42.[1]

**WHEREFORE**, Plaintiff respectfully requests that the Honorable Court **GRANT** the consolidation of CV 07-1442 (JAG) and CV 07-1495 (SEC).

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 11th day of July, 2007.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date, I filed the preceding motion with the Court's CM/ECF system which will notify the counselors of record.

**INDIANO & WILLIAMS, P.S.C.**
207 del Parque Street, 3rd Floor
San Juan, Puerto Rico 00912
Tel: (787) 641-4545; Fax: (787) 641-4544
seth.erbe@indianowilliams.com


By:     s/ Seth A. Erbe
        **SETH A. ERBE**
        **USDC PR Bar No. 220807**

---

[1]On this same date, Mapei Corp. and Mapei Caribe, Inc. shall also file a motion for consolidation in CV 07-1495 (SEC).

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, As Subrogee of Mapei Corp. and Mapei Caribe, Inc. PLAINTIFF | CV CASE NO: 07-1442 (JAG) |
| v. | JURY TRIAL DEMANDED |
| HI-MAR SPECIALTY CHEMICALS, L.L.C. a/k/a OCTEL PERFORMANCE CHEMICALS, INC | |
| DEFENDANT | |

**MOTION TO DISMISS FOR LACK OF IN PERSONAM JURISDICTION**

TO THE HONORABLE COURT:

Comes now the defendant, HI-MAR Specialty Chemicals, LLC., hereinafter "Hi-Mar", through its undersigned attorney and respectfully moves this Honorable Court to dismiss this action for lack of in personam jurisdiction.

FACTUAL ALLEGATIONS

1. On May 23rd, 2007 Zurich American Insurance Company filed civil action 07-1442 (JAG) as Subrogee of Mapei Corp. and Mapei Caribe Inc. against Hi-Mar.

2. A second action arising out of the same occurrence was filed on June 11, 2007 under civil action 07-1495(SEC), by Mapei Inc., Mapei Caribe Inc. and Mapei Corporation against Hi-Mar.

3. The material allegations in both complaints are identical:

    a. Mapei produces various products including grout at a manufacturing facility and warehouse located in Dorado, Puerto Rico;

b.  Among other materials Mapei included a defoaming agent known as Octafoam D-832 in its grout formula.  The defoaming agent is alleged to have been manufactured, distributed and /or sold by Hi-Mar;

c.  On June 11, 2006, a fire ignited inside Mapei's Dorado facility in an area where it allegedly stored Octafoam D-832;

d.  The fire is alleged to have been caused by the self-heating and spontaneous ignition of the Octafoam D-832;

e.  As a result of the fire, Mapei sustained certain damages and submitted a claim to its insurer, Zurich American Insurance Co., which is subrogated to the rights of Mapei to the extent of the payments it has made or will make as part of Mapei's insurance claim;

f.  The diversity jurisdiction of this Honorable Court is invoked in both actions. [1]

## IN PERSONAM JURISDICTION

This Court must have personal jurisdiction over each party to the action to be able to enter a binding decision which conforms with due process.  United States v. Swiss American Bank, Ltd., 191 F.3d 30, 35 (1st Cir. 1999).  Hi-Mar is impugning this Court's personal jurisdiction over it and in support of its challenge is submitting herewith a Declaration Under Penalty of Perjury subscribed by its President and Chief Executive Officer, Robert P. Pietrangelo.

The plaintiff always bears the burden of establishing that the forum Court has personal jurisdiction over the defendant. Mass. Sch. of Law at Andover v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir. 1998); Rodriguez v. Fullerton Tires Corp., 115 F.3d 81, 83 (1st Cir. 1997).  In order to

---

[1] No mention is made in the complaint of Mapei Inc.'s or of Mapei Corporation's respective states of incorporation or their respective principal places of doing business.

2

determine whether the plaintiff has met its burden, the standard used at the early stages of litigation is the prima facie standard. Rodriguez v. Fullerton Tires Corp, 115 F.3d at 83-84. Under the prima facie standard "…a plaintiff must make a showing as to each fact required to satisfy both the local forum's long arm statute and the Constitution's due process clause". Id. "To make a prima facie showing, the plaintiff may not rest on unsupported allegations in the pleadings; instead, it must adduce evidence of specific facts which establish personal jurisdiction". Leopoldo Fontanillas, Inc. v. Luis Ayala Colon, 283 F. Supp. 2d, 579, 586 (DPR 2003), citing Foster-Miller, Inc. v. Babcock & Wilcox Canada, 46 F.3d 138,145 (1st Cir. 1995) and Boit v. Gar-Tec Products, Inc., 967 F.2d 671, 675 (1st Cir.1992).

There are two types of personal jurisdiction: general and specific. Mass. Sch. Of Law, 142 F.3d at 34; Villalobos v. North Carolina Grower Ass'n. Inc.,42 F. Supp.2d 131,139 (P.R.R. 1999). A finding of general jurisdiction "depends largely on whether a corporate party carried on "continuous and systematic" activities within the forum sufficient to justify requiring it to answer there to a claim…unrelated to its in-forum presence". Foster- Miller, 46 F.3d at 144. A perusal of the Declaration under Penalty of Perjury evinces that general jurisdiction is totally lacking. Hi-Mar, far from conducting continuous and systematic contacts, had no contacts whatsoever with the forum not even of an incidental nature. See Helicopteros Nacionales de Colombia, S.A v. Hall, 466 U.S. 408, 104 S.Ct.1868, 80 L.Ed. 2d 404 (1984), where a Colombian corporation's contacts with Texas consisting of one trip to negotiate a contract, acceptance of checks drawn on a Texas bank, the purchase of helicopters from a Texas manufacturer and related training trips were held insufficient to establish the "continuous and systematic" activities required to assert general jurisdiction.

3

In the absence of any "continuous and systematic" activities, this court must focus its analysis on whether specific jurisdiction exists. Foster- Miller, Inc., Id. at 144.   Specific jurisdiction is narrower in scope than general jurisdiction and may only be relied on where the cause of action arises directly out of, or relates to, the defendant's forum based contacts. Helicopteros Nacionales de Colombia, S.A v. Hall, Id.; Pritzker v. Yari, 42 F.3d 53, 59 (1st Cir.1994).

To established the existence of specific personal jurisdiction the plaintiff must "satisfy two cornerstone conditions: first that the forum … has a long arm statute that purports to grant jurisdiction over the defendant; and second that the existence of jurisdiction pursuant to the statute comports with the structures of the Constitution." Foster –Miller, Inc., Id., at 144.

A court in Puerto Rico may exercise jurisdiction over a non-domiciliary under its long arm statute, "if the action arises because that person transacted business in Puerto Rico personally or through an agent…" or if the person … participated in tortious acts within Puerto Rico". 32 P.R. Laws Ann. App. III, R.47 (a)(1) and (2).   While the language of this statute is expansive, the Supreme Curt of Puerto Rico limited its pervasiveness by requiring a showing that a non-resident defendant consummate some act or transaction on the island substantial enough to meet the due process requirements of fair play and substantial justice and, further, that the cause of action arise out of the act or transaction. A.H. Thomas Co. v. Superior Court, 98 P.R.R. 864, 869 (1970).

The second cornerstone condition requires a "three part analysis" for the exercise of specific personal jurisdiction. Sawtelle v. Farrell, 70 F.3d. 1381,1389 (1st Cir.1995).   "This condition implicates three distinct components, namely, relatedness, purposeful availment (sometimes called "minimum contacts") and reasonableness". Foster –Miller, Id. at 144.

4

"First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum state activities. Second, the defendant's in state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's court foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable." Foster-Miller, Id.; Pritzker v. Yari, 42 F.3d at 60-61.

The "relatedness" component is not established simply because one or more of the Mapei foreign corporations had a general relationship with Hi-Mar; rather the cause of action filed must directly arise out of the specific contact of Hi-Mar with Puerto Rico. Sawtelle v. Farrell, 70 F.3d at 1389. As is seen from the statement subscribed by Robert P. Pietrangelo under penalty of perjury, Hi-Mar has no specific contacts with Puerto Rico and has performed no activities in Puerto Rico.

The "purposeful availment" component is likewise absent. Hi-Mar is not authorized or licensed to do business in Puerto Rico, it maintains no offices in Puerto Rico, owns no real property or chattels in Puerto Rico, has no agents in Puerto Rico or distributors which target Puerto Rico as a market, has not conducted business or conducted sales or marketing activities within Puerto Rico, has never shipped or sold the defoaming agent allegedly causing the fire or any merchandise whatsoever to a customer in Puerto Rico and has never received or processed an order from a customer in Puerto Rico. Hi-Mar in point of fact had no knowledge that its product's ultimate destination was, according to the complaint, Puerto Rico or that it would be reshipped by Mapei Corp. to Mapei Caribe, Inc. or any other entity in Puerto Rico. Moreover, Hi-Mar never engaged in any forum activity either purposeful or inadvertent, which could remotely create a reasonable expectation of being haled into court in Puerto Rico. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477, 105 S.Ct. 2174, 2185 (1985). In view of the foregoing, the alleged presence of its product in Puerto Rico was neither foreseeable or voluntary but due to

5

the unilateral activity of one or more of the plaintiffs. Burger King Corp. v. Rudzewicz, 471 U.S. at 475, 105 S.Ct. at 2183.  As the trial court in Rodriguez v. Fullerton Tires Corp. v. Custom Metal Spinning Corp., 937 F. Supp. 122 (D.P.R. 1996), pointed out, plaintiffs herein have not alleged in their complaints any facts addressing "the purposeful availment" requirement nor can they adduce any evidence that Hi-Mar has ever availed itself of the privilege of conducting business in Puerto Rico.  See Asahi Metal Industry Co. v. Superior Court of California, 480 U.S. 102, 112, 107 S.Ct 1026,1032, 94 L. Ed 2d 921 (1987).

Mindful of the forum's legitimate interest to protect the interest of its citizens, we recapitulate our discussion of minimum contacts and conduct a "stream of commerce analysis, commonly invoked where a product made or sold outside the forum state "causes injury within the forum state"". Bartow v. Extec Screens and Crushers, Ltd., 53 F.Supp. 518, 521 (D. Mass 1999).

In Asahi Metal Industry Co. Ltd. v. Supreme Court of California, Id., the Supreme Court unequivocally held that the mere placement of a product into a stream of commerce is not an act purposefully directed to the forum state in the absence of intent to serve the market.  Moreover the mere possibility or knowledge that the product may enter the forum state is not tantamount to an act purposefully directed towards the forum state.

In Dalmau Rodriguez v. Hughes Aircraft Co., 781 F.2d. 9, 15 (1st Cir. 1986) the First Circuit Court of Appeals held that selling two helicopters to a company knowing they would be resold in Puerto Rico is insufficient to establish minimum contacts between the forum state and the non-resident defendant.  "The test is not knowledge of the ultimate destination of the product, but whether the manufacturer has purposely engaged in forum activities so it can reasonably expect to be haled into court there, and even then, the minimum requirements of fair play and

6

substantial justice may defeat jurisdiction." Id. at 15. Here the knowledge that the helicopters would end up in Puerto Rico even in conjunction with the existence of an advertisement in a magazine which circulated but did not target Puerto Rico, were insufficient to establish a purposeful availment of the forum. See also Rodriguez, 115 F.3d at 85 where no in personam jurisdiction was found over manufacturer even when it knew that the purchaser would sell product in combination with another in forum but did nothing to target forum.

The "reasonableness component" requires courts to consider factors which bear on the fairness of subjecting a non-resident to the authority of a foreign court. United Elec. Workers v. 163 Pleasant St. Corp., 960 F.2d 1080,1088, (1st Cir. 1992); Burger King, 471 U.S. at 472, 105 S. Ct. at 2184. However, in the absence of the "relatedness component" and /or the "purposeful availment" component, there is no need to determine the "reasonableness component" or to consider the factors identified by the Supreme Court which weigh in such a determination. See Burger King, Id.; Sawtelle at 1394; United Elec. Workers v. 163 Pleasant St. Corp. at 1091, N.11. Consequently, we pass over this component directly to the only conclusion which this court may reach: based on the facts set forth in the Declaration Under Penalty of Perjury and the facts alleged in the various complaints filed, Hi-mar cannot be found to be amenable to suit in Puerto Rico.

CONCLUSION

Plaintiffs can make no jurisdictional showing required to satisfy the forum's long arm statute or the Constitutional due process clause. Accordingly, this court must grant the instant motion to dismiss.

MANUEL PORRO VIZCARRA
LAW OFFICES
Buchanan Office Center

7

40 Carr. 165 suite 101
Guaynabo, Puerto Rico 00968-8001
Tel.(787) 774-8200
Fax (787) 774-8297


/S/ MANUEL PORRO –VIZCARRA
USDC # 207006
E-mail: mpvlaw@centennialpr.net

8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, as Subrogee of Mapei Corp., and Mapei Caribe, Inc., | ) ) ) ) | Case No.       07 C 1442 (JAG) <br> 07 C 1495 (SEC) |
| Plaintiff, | ) ) ) | **Judge Jay A Garcia-Gregory** |
| v. | ) ) | |
| HI-MAR SPECIALITY CHEMICALS, L.L.C. a/k/a OCTEL PERFORMANCE CHEMICALS, INC. | ) ) ) ) | |
| Defendant. | ) ) | |

## DECLARATION UNDER PENALTY OF PERJURY

I, Robert P. Pietrangelo, do under penalty of perjury state as follows:

1.    I am over the age of eighteen and I am a resident of West Palm Beach, Florida.

2.    I am the President and Chief Executive Officer of Hi-Mar Specialty Chemicals, LLC (hereinafter "Hi-Mar"), a limited liability company organized under the laws of the State of Wisconsin, having its principal place of doing business located in Milwaukee, Wisconsin.

3.    Hi-Mar is not authorized or licensed to do business in the Commonwealth of Puerto Rico (hereinafter "Puerto Rico").

4.    Hi-Mar maintains no offices within Puerto Rico.

5.    Hi-Mar owns no real property within Puerto Rico and has no proprietary interest in any chattels located within Puerto Rico.

6.    Hi-Mar has not appointed or designated an agent within Puerto Rico for the service of process within said forum.

7.    Hi-Mar has not conducted business within Puerto Rico.

8.      Hi-Mar has not conducted either sales or marketing activities within Puerto Rico. Indeed, in July, 2006, when Hi-Mar's agents traveled to Puerto Rico for purposes of inspecting the site of the loss described in the Plaintiff's Complaint, Hi-Mar personnel on the trip ascertained that there was no demand for its products in Puerto Rico.

9.      Hi-Mar has never shipped or sold any merchandise to a customer within Puerto Rico.

10.     Hi-Mar has never received an order from a customer in Puerto Rico requesting that it ship merchandise to Puerto Rico.

11.     Hi-Mar has had no knowledgeable contacts with Puerto Rico, (except for the trip to Puerto Rico by Hi-Mar personnel described in Paragraph 8 above) nor has it availed itself, sought or invoked the benefits, privileges or protection of the laws of Puerto Rico.

12.     Hi-Mar has never sold and/or shipped merchandise to Mapei Caribe Inc. and/or Mapei Inc.

13.     Hi-Mar has never sold or shipped merchandise to Mapei Corp. outside of the continental United States.

14.     Hi-Mar has sold and shipped merchandise to Mapei Corp.'s locations in the States of Illinois, Texas and Florida.

15.     Hi-Mar had no knowledge that its products would be reshipped by Mapei Corp. to Mapei Caribe, Inc. or any other entity in Puerto Rico.

16.     Hi-Mar had no expectation that its products would be sold in Puerto Rico or used by consumers in Puerto Rico.

2

I declare under penalty of perjury that the foregoing is true and correct and is personally known to me to be true and correct.  Executed on the thirteenth of July, 2007 in West Palm Beach, Florida.

Robert P. Pietrangelo

3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------------

ZURICH AMERICAN INSURANCE COMPANY,
as Subrogee of Mapei Corp. and Mapei Caribe, Inc.

                 Plaintiff,

    v.

HI-MAR SPECIALTY CHEMICALS, L.L.C. a/k/a
OCTEL PERFORMANCE CHEMICALS, INC.

                 Defendant.

---------------------------------------------------------------------

**And in the Matter of**

---------------------------------------------------------------------

MAPEI INC., MAPEI CARIBE, INC. and
MAPEI CORPORATION,

                 Plaintiffs,

    v.

HI-MAR SPECIALTY CHEMICALS, L.L.C. a/k/a
OCTEL PERFORMANCE CHEMICALS, INC.

                 Defendant.

---------------------------------------------------------------------

CV CASE NO. 07-1442

JURY TRIAL DEMANDED

CIVIL ACTION NO. 07-1495(SEC)

JURY TRIAL DEMANDED

## APPLICATION AND ORDER FOR ADMISSION PRO HAC VICE

COMES NOW, Douglas B. Fox, applicant herein and respectfully states:

1.      Application is an attorney and a member of the law firm of (or practices under the

name of Cozen O'Connor), with offices at:

        1900 Market Street
        Philadelphia, PA 19103
        Telephone: (215) 665-2017
        Facsimile: (877) 286-4536
        Email: dfox@cozen.com

2.	Applicant will sign all pleadings with the name Douglas B. Fox.

3.	Applicant has been retained personally or as a member of the above-named firm by Zurich American Insurance Company and Mapei Corporation, Mapei Inc. and Mapei Caribe, Inc. to provide legal representation in connection with the above-styled matters now pending before the United States District Court for the District of Puerto Rico.

4.	Since October 31,1979, applicant has been and presently is a member in good standing of the bar of the highest court of the Commonwealth of Pennsylvania, where applicant regularly practices law.  Applicant's bar license number is 30850.  Applicant is also a member in good standing of the bar of the highest courts of the States of New Jersey and New York.

5.	Applicant has been admitted to practice before the following courts:

| Court: | Admission Date: |
| --- | --- |
| State of Pennsylvania | 10/31/1979 |
| State of New Jersey | 12/22/1986 |
| State of New York | 02/25/1997 |
| United States Court of Appeals for the Third Circuit | 10/02/1980 |
| United States Court of Appeals for the Second Circuit | 11/14/2002 |
| United States District Court for the Eastern District of Pennsylvania | 12/14/1979 |
| United States District Court for the Middle District of Pennsylvania | 05/14/1987 |
| United States District Court for the District of New Jersey | 12/22/1986 |
| United States District Court for the Southern District of New York | 06/24/1997 |
| United States District Court for the Northern District of New York | 02/26/2001 |

2

6.     Applicant is a member of good standing of the bars of the courts listed in paragraph 5.

7.     Applicant has never been and is not currently suspended from the practice of law before any court or jurisdiction.

8.     Applicant has never been and is not currently the subject of any complaint for unethical conduct, disciplinary proceeding or criminal charges before any court or jurisdiction.

9.     During the past three years, applicant has filed for pro hac vice admission in the United States District Court for the District of Puerto Rico, in the following matters:

Date of Application:                                   Case Number and Style:

None.

10.     Local counsel of record associated with applicant in this matter is:

David C. Indiano
USDC: 200601
INDIANO & WILLIAMS P.S.C.
207 Del Parque, Third Floor
San Juan, Puerto Rico 00907
Telephone (787) 641-4545
Facsimile (787) 641-4544

11.     Applicant has read the Local Rules of this Court and will comply with same.

12.     Applicant understands that the Local Rules of the United States District Court for the District of Puerto Rico provides in part that attorneys appearing pro hac vice must pay an admission fee of $150.00 per appearance in each new case before the Court. Accordingly, payment of the pro hac vice admission fee is attached hereto in the form of a check or money order payable to: "Clerk, U.S. District Court."

WHEREFORE, applicant respectfully requests to be admitted to practice in the United States District Court for the District of Puerto Rico for the above-styled cases only.

3

Date: _____ 7/16/07 _____

COZEN O'CONNOR

By: _____

Douglas B. Fox
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2017
Facsimile: (877)286-4536
Email: dfox@cozen.com

4

I HEREBY CERTIFY, pursuant to Local Rule 83.1(f), that I consent to the designation of local counsel of record for all purposes.

Date: ___3 August 2007___

INDIANO & WILLIAMS P.S.C.

By: _____

David C. Indiano
USDC: 200601
207 Del Parque, Third Floor
San Juan, Puerto Rico 00907
Telephone (787) 641-4545
Facsimile (787) 641-4544

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------

ZURICH AMERICAN INSURANCE COMPANY,
as Subrogee of Mapei Corp. and Mapei Caribe, Inc.

     CV CASE NO. 07-1442

    Plaintiff,

  v.

HI-MAR SPECIALTY CHEMICALS, L.L.C. a/k/a
OCTEL PERFORMANCE CHEMICALS, INC.    JURY TRIAL DEMANDED

    Defendant.

---------------------------------------------------------------

**And in the Matter of**

---------------------------------------------------------------

MAPEI INC., MAPEI CARIBE, INC. and
MAPEI CORPORATION,

     CIVIL ACTION NO. 07-1495(SEC)

    Plaintiffs,

  v.

HI-MAR SPECIALTY CHEMICALS, L.L.C. a/k/a
OCTEL PERFORMANCE CHEMICALS, INC.    JURY TRIAL DEMANDED

    Defendant.

---------------------------------------------------------------

### ORDER

  The Court, having considered the above Application of Douglas B. Fox, Esquire for

Admission Pro Hac Vice, orders that the application be GRANTED.

  The Clerk of Court shall deposit the admission fee to the account of Non-Appropriated

Funds of this Court.

  SO ORDERED.

  In San Juan, Puerto Rico, this _____ day of _____, 2007.

        _____

        HONORABLE JUDGE PRESIDING

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

-----------------------------------------------------------------
ZURICH AMERICAN INSURANCE COMPANY,
as Subrogee of Mapei Corp. and Mapei Caribe, Inc.

          CV CASE NO. 07-1442

       Plaintiff,

   v.

HI-MAR SPECIALTY CHEMICALS, L.L.C. a/k/a
OCTEL PERFORMANCE CHEMICALS, INC.       JURY TRIAL DEMANDED

       Defendant.
-----------------------------------------------------------------
**And in the Matter of**
-----------------------------------------------------------------
MAPEI INC., MAPEI CARIBE, INC. and
MAPEI CORPORATION,

          CIVIL ACTION NO. 07-1495(SEC)

       Plaintiffs,

   v.

HI-MAR SPECIALTY CHEMICALS, L.L.C. a/k/a
OCTEL PERFORMANCE CHEMICALS, INC.       JURY TRIAL DEMANDED

       Defendant.
-----------------------------------------------------------------

**MOTION FOR EXTENSION OF TIME TO**

**COMPLETE JURISDICTIONAL DISCOVERY**

**TO THE HONORABLE COURT:**

Plaintiffs, ZURICH AMERICAN INSURANCE COMPANY, AS SUBROGEE OF

MAPEI CORP. AND MAPEI CARIBE, INC., MAPEI, INC., MAPEI CORP. AND MAPEI

CARIBE, INC., (collectively "Plaintiffs") file this their Memorandum in Support of their Motion

to Enlarge Time to Complete Jurisdictional Discovery, as authorized by Federal Rule of Civil Procedure 6(b).

### A.  Introduction

Plaintiffs have sued Defendant for damages they sustained as a result of a fire that occurred at Plaintiffs' grout manufacturing facility located in Dorado, Puerto Rico.  Defendant was the manufacturer of a substance that Plaintiffs contend self-heated and spontaneously combusted while in storage at Plaintiffs' Dorado facility.

Defendant moved to dismiss Plaintiffs' Complaint on the grounds that the court lacked personal jurisdiction.  The court granted Plaintiffs the authority to engage in jurisdictional discovery and set a deadline of December 5, 2007 for Plaintiffs to file their responsive brief.

Plaintiffs have engaged in written discovery.  Further, Plaintiffs deposed Robert P. Pietrangelo, CEO and President of Hi-Mar Specialty Chemicals, L.L.C. on November 19, 2007. In his deposition, Mr. Pietrangelo identified Albert Hernandez (a Hi-Mar Specialty employee) and Vick Carrillo (Hi-Mar's sales agent) as two people that made sales calls directly to Plaintiffs. Because Mr. Pietrangelo did not personally accompany Mr. Hernandez and Mr. Carrillo, he could not provide any information regarding what was discussed during those sales calls. It is necessary to depose both Mr. Hernandez and Mr. Carillo to learn what information was discussed during those meetings and if Hi-Mar Specialty knew that Plaintiffs had a manufacturing facility in Puerto Rico.  Consequently, Plaintiffs respectfully request this Court to extend the jurisdictional discovery period for 30 days for the purpose of completing the depositions of Albert Hernandez and Vick Carrillo.

2

B.  Argument & Authority

The court may grant a request for an extension of time for "cause shown."  Fed. R. Civ. P. 6(b).  Plaintiffs request a 30 day extension to depose two people (Albert Hernandez and Vick Carrrillo), who have personal knowledge regarding information exchanged during sales calls direct towards Plaintiffs.  This information may be crucial to supporting Plaintiffs' contention that Defendant knew that its product would be used by Plaintiffs at their plant in Puerto Rico.

Counsel for Plaintiffs and Defendant discussed filing a stipulation agreeing to extend the jurisdictional discovery period for an additional 30 days.  A draft of the Stipulation Order was forwarded to Defendants' counsel on Wednesday, November 21, 2007.  Attached as Exhibit A is a copy of the draft Stipulation Order.  Plaintiffs' counsel has not received a signed copy of the Stipulation Order nor has counsel received any suggested changes to the Stipulation Order.  Because the deadline to conduct jurisdictional discovery is scheduled to expire on December 5, 2007, Plaintiffs are unable to wait any longer for Defendant to sign the stipulation order.

Plaintiffs request the court to continue their deadline to file any responsive brief to Defendants' Motion to Dismiss until January 7, 2008.

Plaintiffs request for an extension of time is for cause shown, as stated in this motion, not to delay these proceedings.  *See* Fed. R. Civ. P. 6(b).

**WHEREFORE**, Plaintiffs request the Court to enlarge the jurisdictional period for thirty (30) days and continue the deadline for Plaintiffs to file their responsive brief to Defendant's Motion to Dismiss until January 7, 2008.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 4th day of December, 2007

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date, I filed the preceding motion with the Court's CM/ECF system which will notify the counselors of record.

3

**INDIANO & WILLIAMS, P.S.C.**
207 del Parque Street, 3rd Floor
San Juan, Puerto Rico 00912
Tel: (787) 641-4545; Fax: (787) 641-4544
seth.erbe@indianowilliams.com


By:      s/ Seth A. Erbe
     **SETH A. ERBE**
     **USDCPR No. 220807**

**OF COUNSEL**
COZEN O'CONNOR
Douglas B. Fox, Esquire
1900 Market Street
Philadelphia, PA 19103
Telephone: 215-665-2017
dfox@cozen.com

Jake P. Skaggs, Esquire
One Houston Center
1221 McKinney Street, Suite 2900
Houston, TX  77010
Telephone: 832-214-3900
jskaggs@cozen.com

4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

---------------------------------------------------------------
ZURICH AMERICAN INSURANCE COMPANY,
as Subrogee of Mapei Corp. and Mapei Caribe, Inc.

               CV CASE NO. 07-1442

        Plaintiff,

    v.

HI-MAR SPECIALTY CHEMICALS, L.L.C. a/k/a
OCTEL PERFORMANCE CHEMICALS, INC.      JURY TRIAL DEMANDED

        Defendant.
---------------------------------------------------------------
**And in the Matter of**
---------------------------------------------------------------
MAPEI INC., MAPEI CARIBE, INC. and
MAPEI CORPORATION,

               CIVIL ACTION NO. 07-1495(SEC)

        Plaintiffs,

    v.

HI-MAR SPECIALTY CHEMICALS, L.L.C. a/k/a
OCTEL PERFORMANCE CHEMICALS, INC.      JURY TRIAL DEMANDED

        Defendant.
---------------------------------------------------------------

**STIPULATION OF PARTIES REGARDING JURISDICTIONAL DISCOVERY**

**TO THE HONORABLE COURT:**

       Plaintiffs, ZURICH AMERICAN INSURANCE COMPANY, AS SUBROGEE OF MAPEI CORP. AND MAPEI CARIBE, INC., MAPEI, INC., MAPEI CORP. AND MAPEI CARIBE, INC., (collectively "Plaintiffs") and HI-MAR SPECIALTY CHEMICALS, L.L.C. a/k/a OCTEL PERFORMANCE CHEMICALS, INC. (herein after referred to as "Defendant") make the following stipulations regarding the procedure for discovery.

## EXTENSION OF DEADLINE

1.      The parties have agreed to extend the jurisdictional discovery deadline for thirty (30) days from the current deadline so that the depositions of the corporate representative of Vi-Chem, Inc. and Al Hernandez may be completed.

2.      The parties have agreed that Plaintiffs have until January 5, 2008 to respond to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction.

3.      The parties have agreed that counsel may attend the deposition of Al Hernandez and/or Vi-Chem's corporate representative via telephone.

4.      The parties have agreed that the scope of the deposition inquiry of Al Hernandez will be limited to his knowledge regarding personal contacts with Mapei and any contacts with Puerto Rico.

Respectfully submitted,

**INDIANO & WILLIAMS P.S.C.**

_____
David C. Indiano
207 Del Parque, Third Floor
San Juan, Puerto Rico 00907
Telephone (787) 641-4545
Facsimile (787) 641-4544

**OF COUNSEL**
COZEN O'CONNOR
Douglas B. Fox, Esquire
1900 Market Street
Philadelphia, PA 19103
Telephone: 215-665-2017
dfox@cozen.com

2

Jake P. Skaggs, Esquire
One Houston Center
1221 McKinney Street, Suite 2900
Houston, TX  77010
Telephone: 832-214-3900
jskaggs@cozen.com

MANUEL PORRO VIZCARRA
LAW OFFICES
Buchanan Office Center
40 Carr. 165 suite 101
Guaynabo, Puerto Rico 00968-8001
Tel. (787) 774-8200 Fax (787) 774-8297


_____
Manuel Porro – Vizcarra
USDC: 207006

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

-----------------------------------------------------------------

ZURICH AMERICAN INSURANCE COMPANY,
as Subrogee of Mapei Corp. and Mapei Caribe, Inc.

               Plaintiff,

     v.

HI-MAR SPECIALTY CHEMICALS, L.L.C. a/k/a
OCTEL PERFORMANCE CHEMICALS, INC.

               Defendant.

CV CASE NO. 07-1442 (JAG)
(Consolidated with CV 07-1495)

JURY TRIAL DEMANDED

-----------------------------------------------------------------
**And in the Matter of**
-----------------------------------------------------------------

MAPEI INC., MAPEI CARIBE, INC. and
MAPEI CORPORATION,

               Plaintiffs,

     v.

HI-MAR SPECIALTY CHEMICALS, L.L.C. a/k/a
OCTEL PERFORMANCE CHEMICALS, INC.

               Defendant.

CIVIL ACTION NO. 07-1495 (JAG)
(Consolidated with CV 07-1442)

JURY TRIAL DEMANDED

-----------------------------------------------------------------

## PLAINTIFFS MOTION TO CONDUCT JURISDICTIONAL DISCOVERY AND TO HOLD IN ABEYANCE DEFENDANT'S MOTION TO DISMISS

**TO THE HONORABLE COURT:**

      **APPEARS NOW** Plaintiffs, Zurich American Insurance Company, as subrogee of Mapei Corp. and Mapei Caribe, Inc., Mapei, Inc., Mapei Corp. and Mapei Caribe, Inc., (collectively "Plaintiffs"), by and through the undersigned counsel, and, in support of their Motion, respectfully states, alleges and prays as follows:

## I.  Introduction

Plaintiff, Mapei Caribe, Inc., is a Puerto Rican corporation that owns and operates a grout manufacturing plant located in Dorado, Puerto Rico.[1]  Zurich American Insurance Company insured the plant. Defendant, Hi-Mar Specialty Chemicals, is a large producer of chemical additives and anti-foaming agents.  On several occasions, Mapei Corp. purchased anti-foaming products from Hi-Mar to be incorporated in the grout that it manufactured in Dorado.

On June 11, 2006, a fire ignited inside Mapei Caribe's Dorado plant.  Plaintiffs sued Hi-Mar, alleging that the fire was caused by the self-heating and spontaneous combustion of the anti-foaming product that it purchased from Hi-Mar.[2] On August 2, 2007, Hi-Mar moved to dismiss Plaintiffs' suit pursuant to Federal Rule of Civil Procedure 12(b)(2), alleging that the Court lacks *in personam* jurisdiction.  *See* Docket No. 7.  Plaintiffs respectfully submit that discovery on this jurisdictional issue is necessary in order to provide Plaintiffs and the Court with the benefit of a fully developed record.  Because this case is in its infancy and Defendants possess the majority of the information and documentation regarding their contacts with this forum, Plaintiffs respectfully request that the Court hold in abeyance Hi-Mar's Motion to Dismiss and allow Plaintiffs a term of ninety (90) days to conduct discovery related to jurisdiction, and an additional term of fifteen (15) days after the end of the jurisdictional discovery period to submit a response in opposition to Hi-Mar's motion to dismiss.

---

[1] Plaintiffs, Mapei, Inc. and Mapei Corp. are members of the same corporate family as Mapei Caribe, Inc.
[2] On August 6, 2007, the Court consolidated Mapei's and its insurers separately filed suits.

2

## II.  Standard For Permitting Jurisdictional Discovery

The rule governing jurisdictional discovery, as stated by the First Circuit, is that a plaintiff should be allowed the benefit of full discovery to defend against a motion to dismiss for lack of personal jurisdiction.  *Surpitski v. Hughes-Keenan Corp.,* 362 F.2d 254, 255-56 (1st Cir. 1966).  Further, the First Court of Appeals ruled that the plaintiff is entitled to broad discretion in conducting its jurisdictional discovery.  *Id.* (stating, "[w]hen the fish is identified, and the question is whether it is in the pond, we know no reason to deny a plaintiff the customary license.").

Though *Surpitski* was decided in 1966, the First Circuit has repeatedly affirmed its holding.  *See generally Sunview Condo. Ass'n v. Flexel Int'l, Ltd.,* 116 F.3d 962, 964 (1st Cir. 1997)("a diligent plaintiff who sues an out-of-state corporation and who makes out a colorable case for the existence of in personam jurisdiction may well be entitled to a modicum of jurisdictional discovery if the corporation interposes a jurisdictional defense."); *Boit v. Gar-Tec Prods, Inc.,* 967 F.2d 671, 681 (1st Cir. 1992)(holding that jurisdictional discovery is appropriate "where the plaintiff had been diligent and was somewhat unfamiliar with his adversary's business practices.").

Moreover, in the past, this Court has granted plaintiffs the opportunity to conduct jurisdictional discovery.  *See Commonwealth of Puerto Rico v. SS Zoe Colocotroni*, 61 F.R.D. 653 (D. Puerto Rico 1974)(citing *Com. Oil Refining Co. v. Houdry Process Corp.*, 22 F.R.D. 306, 308 (D. Puerto Rico 1958).  In *Houdry*, the Court recognized that the plaintiff must be provided a wide latitude to establish the defendant maintained minimum contacts with Puerto Rico.  *See Houdry,* 22 F.R.D. at 308.  Further, the court stated that a defendant challenging the

3

jurisdiction of a court has no right to keep its records, personnel and sources of information free from access from the plaintiff through such reasonable discovery measures. *Id.*

### III.  Discussion

Plaintiffs carry the burden to prove that this Court has jurisdiction to hear the instant case. But Hi-Mar is solely in control of all the information and documentation that may prove or disprove that Hi-Mar has sufficient minimum contacts with this forum.  Indeed, Hi-Mar has all the information that pertains to its contacts with Puerto Rico and whether it was foreseeable for its products to be used by a Puerto Rican company.  It is impossible for Plaintiffs to formulate an adequate defense to Hi-Mar's motion to dismiss without access to these documents or other evidence.

Plaintiffs have been diligent in acquiring information pertaining to Hi-Mar's contacts with Puerto Rico.  Hi-Mar has maintained a long standing business relationship with Mapei. *See* ¶ 14 of Robert P. Pietranglo's Declaration Under Penalty of Perjury.  Mapei is a large international corporation with plants located all over the world.  Because Hi-Mar sold and shipped anti-foaming agents to Mapei for use in its products, it is foreseeable that Hi-Mar's product may be used in Puerto Rico. If Hi-Mar had knowledge of this fact or purposefully directed its product to the Puerto Rico market, *in personam* jurisdiction exists. This would be consistent with Hi-Mar's representation that it has "***global*** business experience" providing "service to customers across a wide range of industries ***around the world***." See Exhibit 1, www.himarspecialties.com (*emphasis added*). Accordingly, Plaintiffs have a good faith basis to allege that this Court has jurisdiction over Hi-Mar and to seek discovery to further substantiate this claim.

To date, Plaintiffs have not had an opportunity to depose any individuals that may have knowledge regarding Hi-Mar's contacts with Puerto Rico, least of all Robert P. Pietrangelo, who provided an affidavit in support of Hi-Mar's Motion to Dismiss.  Similarly, Plaintiffs have not been able to submit any written discovery requests to Defendant.  Other than the fact that Hi-Mar is a large chemical manufacturer that sold several products to Mapei Corp., Plaintiffs do not have any other evidence to respond to Hi-Mar's Motion.  Accordingly, Plaintiffs respectfully request a brief amount of time to conduct jurisdictional discovery.

## IV.  Conclusion

Plaintiffs request a brief extension to conduct jurisdictional discovery.  Jurisdictional discovery is necessary in this matter because the Defendant, a large chemical manufacturer with several millions dollars of sales per year, claims that, although it sold a large amount of products to an international corporation with a manufacturing facility in Puerto Rico, it did not purposefully avail itself to the jurisdiction of this Court.  Permitting Plaintiffs to conduct jurisdictional discovery will allow Plaintiffs to acquire the necessary evidence to formulate and adequate response to Hi-Mar's Motion to Dismiss.[3]

**WHEREFORE**, Plaintiffs respectfully request that the Honorable Court hold in abeyance Defendant's Motion to Dismiss, Grant Plaintiffs a term of ninety (90) days to conduct jurisdictional discovery, and Grant an additional term of fifteen (15) days from the end of jurisdictional discovery to submit a response in opposition to the motions to dismiss.

**RESPECTFULLY SUBMITTED**.

_____

[3] Plaintiffs have drafted their jurisdictional discovery requests and will proceed expeditiously if the requested extension and abeyance is granted.  Moreover, Plaintiffs counsel agrees to depose Robert P. Pietangelo at a convenient location in Florida.

5

In San Juan, Puerto Rico, on this 17th of August, 2007.

**CERTIFICATE OF SERVICE**:        I hereby certify that on this same date, I filed the

preceding motion with the Court's CM/ECF system which will notify all counselors of record.


**INDIANO & WILLIAMS P.S.C.**
207 Del Parque, Third Floor
San Juan, Puerto Rico 00907
Telephone (787) 641-4545
Fax (787) 641-4544


s/ David C. Indiano
DAVID C. INDIANO
U.S.D.C.P.R. Bar No. 200601
david.indiano@indianowilliams.com


s/ Seth A. Erbe
SETH A. ERBE
U.S.D.C.P.R. Bar No. 220807
seth.erbe@indianowilliams.com

**OF COUNSEL**
COZEN O'CONNOR
Douglas B. Fox, Esquire
1900 Market Street
Philadelphia, PA 19103
Telephone: 215-665-2017
dfox@cozen.com

Jake P. Skaggs, Esquire
One Houston Center
1221 McKinney Street, Suite 2900
Houston, TX  77010
Telephone: 832-214-3900
jskaggs@cozen.com

6

Hi-Mar Specialty Chemicals



# Thinking Specialty Chemicals - Think Hi-Mar

Home    About Us    Products    Contact Us

## Welcome To The Future

Hi-Mar Specialty Chemicals, LLC has a reputation for designing custom made products and delivering hands-on personal service to customers across a wide range of industries around the world.

But that doesn't mean we can't improve on a good thing, especially with global business experience behind us. We are one of the world's leading SPECIALTY chemical companies.

This is our future and it brings with it many opportunities, please contact us using the tab above.

Hi-Mar Specialty Chemicals, LLC

http://www.himarspecialties.com/                                              8/17/2007

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MAPEI INC., MAPEI CARIBE, INC. and MAPEI CORPORATION<br><br>PLAINTIFF<br><br>v.<br><br>HI-MAR SPECIALTY CHEMICALS, L.L.C. a/k/a OCTEL PERFORMANCE CHEMICALS, INC<br><br>DEFENDANT | CV CASE NO: 07-1442 (JAG)<br><br><br>JURY TRIAL DEMANDED |

## MOTION IN RESPONSE  TO REQUEST FOR EXTENSION OF TIME

### TO THE HONORABLE COURT;

**COMES NOW** the codefendant, HI-MAR SPECIALTY CHEMICALS, L.L.C., (hereinafter "HI-Mar") through it's undersigned attorneys and in response to the plaintiffs' request for an extension of time to complete jurisdictional discovery respectfully alleges and prays as follows:

1.      Hi-Mar's response to plaintiffs' request for a thirty day extension to conduct additional jurisdictional discovery is academic in that this Honorable Court granted plaintiffs' request the same day it was filed. (Docket #13 and #14). However, Hi-Mar is compelled to file the instant response because of plaintiffs' characterization of what took place at the deposition taken of Mr.Robert Pietrangelo on November 19th, 2007.

2.      While Mr. Pietrangelo did in effect identify Albert Hernandez and Vick Carrillo as two individuals who made sales calls, said calls were not made to Plaintiffs

as characterized in the motion filed, but rather were made to Mapei Corp's facilities located in Fort Lauderdale, Florida. The use of the term "Plaintiffs"in their motion suggests that sales calls were made to all the plaintiffs including Mapei Caribe ,Inc . This was never stated by Mr. Pietrangelo and has been expressly denied in Hi-Mar's motion to dismiss and supporting documents.

3.    Hi-Mar had no objection to plaintiffs' request for an extension but does have objections to the language of the proposed stipulation which accompanied plaintiffs' motion as Exhibit A. Hi-Mar's objections were notified to counsel on December 5th, 2007 prior to the filing of plaintiffs' motion and will hopefully be taken into account when plaintiffs formally notice their proposed additional discovery.

**WHEREFORE, IT IS RESPECTFULLY REQUESTED** that this Honorable Court take note of the matters set forth hereinabove.

**RESPECTFULLY SUBMITTED**.   In Guaynabo, Puerto Rico this 7th day of December, 2007.

**MANUEL PORRO VIZCARRA
LAW OFFICES**
Buchanan Office Center
40 Carr. 165 suite 101
Guaynabo, Puerto Rico 00968-8001
Tel.(787) 774-8200
Fax (787) 774-8297

**/S/ MANUEL PORRO –VIZCARRA**
USDC # 207006
E-mail: mpvlaw@centennialpr.net

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------

ZURICH AMERICAN INSURANCE COMPANY,
as Subrogee of Mapei Corp. and Mapei Caribe, Inc.

                Plaintiff,

     v.

HI-MAR SPECIALTY CHEMICALS, L.L.C. a/k/a
OCTEL PERFORMANCE CHEMICALS, INC.

                Defendant.

---------------------------------------------------------------

**And in the Matter of**

---------------------------------------------------------------

MAPEI INC., MAPEI CARIBE, INC. and
MAPEI CORPORATION,

                Plaintiffs,

     v.

HI-MAR SPECIALTY CHEMICALS, L.L.C. a/k/a
OCTEL PERFORMANCE CHEMICALS, INC.

                Defendant.

---------------------------------------------------------------

CV CASE NO. 07-1442 (JAG)

JURY TRIAL DEMANDED

CIVIL ACTION NO. 07-1495(SEC)

JURY TRIAL DEMANDED

### STIPULATION OF PARTIES REGARDING JURISDICTIONAL DISCOVERY

**TO THE HONORABLE COURT:**

Plaintiffs, ZURICH AMERICAN INSURANCE COMPANY, AS SUBROGEE OF MAPEI CORP., MAPEI CARIBE, INC., MAPEI, INC. (collectively "Plaintiffs"), and HI-MAR SPECIALTY CHEMICALS, L.L.C. (herein after referred to as "Defendant") make the following stipulations regarding the procedure for discovery.

**EXTENSION OF DEADLINE**

1.      Counsels for Plaintiffs and Defendant have made diligent attempts to complete the deposition of Vic Carillo, Sr. (a non-party) and Albert Hernandez within the time allowed by the Court.

2.      Unfortunately, Plaintiffs have been unable to serve Vic Carillo, Sr. with a subpoena because Mr. Carillo was on vacation during the week of December 10th and December 17th.  Further, severe weather in Wisconsin has made it virtually impossible to depose Mr. Hernandez before the end of the year.

3.      Counsel for Plaintiffs was informed that Mr. Carrillo would be available for his deposition during the beginning of January, 2008 and counsel for Plaintiffs and Defendant reasonably believe that both depositions can be completed in the month of January, 2008.

4.      The parties have agreed to extend the jurisdictional discovery deadline until February 7, 2008 and they have agreed to extend Plaintiffs' deadline to file their Memorandum in Response to Defendant's Motion to Dismiss to February 8, 2008.

5.      Accordingly, Plaintiffs and Defendant respectfully request leave of court to implement new stipulated deadlines to conduct jurisdictional discovery and file Plaintiffs' Memorandum in Response to Defendant's Motion to Dismiss.

**WHEREFORE**, the parties request that the Court **GRANT** an extension of the jurisdictional discovery deadline until February 7, 2008 and extend Plaintiffs' deadline to file their Response in Opposition to Defendant's Motion to Dismiss to February 8, 2008.

2

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 21st day of December, 2007

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date, I filed the preceding

motion with the Court's CM/ECF system which will notify the counselors of record.

> **INDIANO & WILLIAMS, P.S.C.**
> 207 del Parque Street, 3rd Floor
> San Juan, Puerto Rico 00912
> Tel: (787) 641-4545; Fax: (787) 641-4544
> seth.erbe@indianowilliams.com
>
>
> By:     s/ Seth A. Erbe
>     **SETH A. ERBE**
>     **USDCPR No. 220807**

**OF COUNSEL**
COZEN O'CONNOR
Douglas B. Fox, Esquire
1900 Market Street
Philadelphia, PA 19103
Telephone: 215-665-2017
dfox@cozen.com

Jake P. Skaggs, Esquire
One Houston Center
1221 McKinney Street, Suite 2900
Houston, TX  77010
Telephone: 832-214-3900
jskaggs@cozen.com

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

-----------------------------------------------------------------

ZURICH AMERICAN INSURANCE COMPANY,
as Subrogee of Mapei Corp. and Mapei Caribe, Inc.

        CV CASE NO. 07-1442 JAG

        Plaintiff,

    v.

HI-MAR SPECIALTY CHEMICALS, L.L.C. a/k/a
OCTEL PERFORMANCE CHEMICALS, INC.        JURY TRIAL DEMANDED

        Defendant.

-----------------------------------------------------------------

**And in the Matter of**

-----------------------------------------------------------------

MAPEI INC., MAPEI CARIBE, INC. and
MAPEI CORPORATION,

        CIVIL ACTION NO. 07-1495(SEC)

        Plaintiffs,

    v.

HI-MAR SPECIALTY CHEMICALS, L.L.C. a/k/a
OCTEL PERFORMANCE CHEMICALS, INC.        JURY TRIAL DEMANDED

        Defendant.

-----------------------------------------------------------------

## UNOPPOSED MOTION TO TRANSFER VENUE

Plaintiffs, ZURICH AMERICAN INSURANCE COMPANY, AS SUBROGEE OF MAPEI CORP., MAPEI CARIBE, INC., MAPEI, INC. (collectively "Plaintiffs"), pursuant to 28 U.S.C. § 1406(a), submit the following request to transfer this matter to the United States District Court for the Southern District of Florida.

Plaintiffs hereby move for an order transferring this case to the United States District Court for the Southern District of Florida. Jurisdiction would be proper in the Southern District

of Florida.  Further, many of the witnesses and evidence is located in Florida.  Litigating this case in Florida would reduce some of the time and expense incurred during litigation.

This motion is based on the pleadings and the attached memorandum of points and authorities. Defendant is not opposed to this Motion. As such, Plaintiffs respectfully request the court to issue an order transferring this case to the United States District Court for the Southern District of Florida.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court GRANT the instant motion and order the transfer of this case to the United States District Court for the Southern District of Florida.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 21st day of February, 2008.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date, I filed the preceding motion with the Court's CM/ECF system which will notify the counselors of record.

**INDIANO & WILLIAMS, P.S.C.**
207 del Parque Street, 3rd Floor
San Juan, Puerto Rico 00912
Tel: (787) 641-4545; Fax: (787) 641-4544

s/ David C. Indiano
DAVID C. INDIANO
U.S.D.C.P.R. Bar No. 200601
david.indiano@indianowilliams.com

2

**OF COUNSEL**
COZEN O'CONNOR
Douglas B. Fox, Esquire
1900 Market Street
Philadelphia, PA 19103
Telephone: 215-665-2017
dfox@cozen.com

Jake P. Skaggs, Esquire
One Houston Center
1221 McKinney Street, Suite 2900
Houston, TX  77010
Telephone: 832-214-3900

jskaggs@cozen.com

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

-----------------------------------------------------------------
ZURICH AMERICAN INSURANCE COMPANY,
as Subrogee of Mapei Corp. and Mapei Caribe, Inc.

               Plaintiff,

     v.

HI-MAR SPECIALTY CHEMICALS, L.L.C. a/k/a
OCTEL PERFORMANCE CHEMICALS, INC.

             Defendant.
-----------------------------------------------------------------
**And in the Matter of**
-----------------------------------------------------------------
MAPEI INC., MAPEI CARIBE, INC. and
MAPEI CORPORATION,

             Plaintiffs,

     v.

HI-MAR SPECIALTY CHEMICALS, L.L.C. a/k/a
OCTEL PERFORMANCE CHEMICALS, INC.

             Defendant.
-----------------------------------------------------------------

CV CASE NO. 07-1442 JAG

JURY TRIAL DEMANDED

CIVIL ACTION NO. 07-1495(SEC)

JURY TRIAL DEMANDED

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO TRANSFER VENUE**

**TO THE HONORABLE COURT:**

Plaintiffs, ZURICH AMERICAN INSURANCE COMPANY, AS SUBROGEE OF

MAPEI CORP., MAPEI CARIBE, INC., MAPEI, INC. (collectively "Plaintiffs"), pursuant to 28

U.S.C. § 1406(a), submit the following memorandum in support of the request to transfer this

matter to the United States District Court for the Southern District of Florida.

## BACKGROUND

Mapei and its insurer filed suit against Hi-Mar Specialty Chemicals, L.L.C. (hereinafter "Hi-Mar Specialty") alleging that a product manufactured by Hi-Mar Specialty caused a fire at Mapei's manufacturing facility in Dorado, Puerto Rico. Hi-Mar Specialty moved to dismiss the case for lack of personal jurisdiction. In response, the court permitted Plaintiffs to engage in jurisdictional discovery. During the jurisdictional discovery phase of this litigation, Plaintiffs became aware that there is legitimate issue regarding whether the court can exercise personal jurisdiction over Hi-Mar Specialty. Hi-Mar Specialty and Plaintiffs agree to transfer this case to the United States District Court for the Southern District of Florida—where the case could have been filed originally.

## ARGUMENTS & AUTHORITY

A district court has the statutory power to transfer a case to another district court where venue would be proper. *See* 28 U.S.C. 1406(a) (2007). Section 1406(a) permits a district court to transfer a case even in the absence of personal jurisdiction over the defendant. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962). Because Hi-Mar Specialty is a Wisconsin limited liability corporation (LLC), diversity jurisdiction would still exist if this case is transferred to the Southern District of Florida. Also, Hi-Mar Specialty has sufficient minimum contacts with Florida to allow that court to exercise personal jurisdiction. Thus, the Southern District of Florida is the proper venue to litigate this case.

In the interest of justice, this case should be transferred to the Southern District of Florida. *See* 28 U.S.C. 1406(a). Although the alleged fire occurred in Puerto Rico, practical considerations make the trial of this case more efficient and less expensive in the Southern

2

District of Florida.  *See Hernandez v. Graebel Van Lines,* 761 F.Supp. 983, 991 (E.D. N.Y. 1991).  For example, many witnesses are located in Florida.  Mapei's headquarters are located in Florida.  And the product which Plaintiffs allege caused the fire was shipped to and stored in Florida.  Accordingly, the Southern District of Florida has an interest in this matter and it would not be a waste of that court's judicial resources.

**PRAYER**

Plaintiffs request this Court to transfer this matter, in its entirety, to the United States District Court for the Southern District of Florida.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court GRANT the request for transfer and order the transfer of this case to the United States District Court for the Southern District of Florida.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 21st day of February, 2008.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date, I filed the preceding motion with the Court's CM/ECF system which will notify the counselors of record.

> **INDIANO & WILLIAMS, P.S.C.**
> 207 del Parque Street, 3rd Floor
> San Juan, Puerto Rico 00912
> Tel: (787) 641-4545; Fax: (787) 641-4544
>
> s/ David C. Indiano
> DAVID C. INDIANO
> U.S.D.C.P.R. Bar No. 200601
> david.indiano@indianowilliams.com

**OF COUNSEL**
COZEN O'CONNOR
Douglas B. Fox, Esquire

3

1900 Market Street
Philadelphia, PA 19103
Telephone: 215-665-2017
dfox@cozen.com

Jake P. Skaggs, Esquire
One Houston Center
1221 McKinney Street, Suite 2900
Houston, TX  77010
Telephone: 832-214-3900
jskaggs@cozen.com

4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

```
-----------------------------------------------------------------
```
ZURICH AMERICAN INSURANCE COMPANY,
as Subrogee of Mapei Corp. and Mapei Caribe, Inc.

                    Plaintiff,

       v.

HI-MAR SPECIALTY CHEMICALS, L.L.C. a/k/a
OCTEL PERFORMANCE CHEMICALS, INC.

                 Defendant.

```
-----------------------------------------------------------------
```
**And in the Matter of**
```
-----------------------------------------------------------------
```
MAPEI INC., MAPEI CARIBE, INC. and
MAPEI CORPORATION,

                    Plaintiffs,

       v.

HI-MAR SPECIALTY CHEMICALS, L.L.C. a/k/a
OCTEL PERFORMANCE CHEMICALS, INC.

                 Defendant.

```
-----------------------------------------------------------------
```

CV CASE NO. 07-1442 JAG

JURY TRIAL DEMANDED

CIVIL ACTION NO. 07-1495(SEC)

JURY TRIAL DEMANDED

**STIPULATION OF PARTIES REGARDING JURISDICTIONAL DISCOVERY**

**TO THE HONORABLE COURT:**

      Plaintiffs, ZURICH AMERICAN INSURANCE COMPANY, AS SUBROGEE OF

MAPEI CORP., MAPEI CARIBE, INC., MAPEI, INC. (collectively "Plaintiffs"), and HI-MAR

SPECIALTY CHEMICALS, L.L.C. (hereinafter referred to as "Defendant") make the following

stipulations regarding the procedure for discovery.

Case 9:07-cv-01442-JAG Document 90 Filed 01/25/2008 Page 2 of 9

### EXTENSION OF DEADLINE

1.      Counsels for Plaintiffs and Defendant have made diligent attempts to complete the deposition of Vic Carillo, Sr. (a non-party) within the timeline established by the Court.

2.      Indeed, the parties scheduled Mr. Carrillo's deposition for January 11, 2008 to be held at counsel's office in Miami, Florida.  Further, Plaintiff served Mr. Carrillo with a subpoena for the deposition and paid him the appropriate witness fee.  *See* Subpoena of Vic Carrillo, Sr. attached as Exhibit "A".

3.      On January 10, 2008 counsel for Plaintiff, while in transit to Miami, Florida,  was informed that Mr. Carrillo had been advised by his counsel to not appear at the deposition.  On the morning of January 11, 2008, Plaintiffs counsel contact Mr. Carrillo's attorney (Mr. Harry Payton, Esq.) in an attempt to negotiate Mr. Carrillo's appearance deposition.  But Plaintiff's counsel was informed that the January 11th date conflicted with Mr. Payton's schedule and the deposition would have to be rescheduled.

4.      Vic Carrillo, Sr.'s deposition was rescheduled for February 5, 2008 at 1:00 p.m. Because this date is only two days before Plaintiffs' deadline to file their responsive pleadings and it is unlikely that Plaintiffs will receive a copy of the deposition transcript in time to file with their responsive pleading, Defendant has graciously agreed to extend the deadline for Plaintiff's to file its responsive pleadings to February 22, 2008.

**WHEREFORE**, Plaintiffs and Defendant respectfully request leave of court to implement new stipulated deadline of February 22, 2008 to file Plaintiffs' Memorandum in Response to Defendant's Motion to Dismiss.

2

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 25th day of January, 2008.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date, I filed the preceding

motion with the Court's CM/ECF system which will notify the counselors of record.

**INDIANO & WILLIAMS, P.S.C.**
207 del Parque Street, 3rd Floor
San Juan, Puerto Rico 00912
Tel: (787) 641-4545; Fax: (787) 641-4544

s/ David C. Indiano
DAVID C. INDIANO
U.S.D.C.P.R. Bar No. 200601
david.indiano@indianowilliams.com

**OF COUNSEL**
COZEN O'CONNOR
Douglas B. Fox, Esquire
1900 Market Street
Philadelphia, PA 19103
Telephone: 215-665-2017
dfox@cozen.com

Jake P. Skaggs, Esquire
One Houston Center
1221 McKinney Street, Suite 2900
Houston, TX 77010
Telephone: 832-214-3900
jskaggs@cozen.com

3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

------------------------------------------------------------------

ZURICH AMERICAN INSURANCE COMPANY,
as Subrogee of Mapei Corp. and Mapei Caribe, Inc.

                  CV CASE NO. 07-1442

        Plaintiff,

      v.

HI-MAR SPECIALTY CHEMICALS, L.L.C. a/k/a
OCTEL PERFORMANCE CHEMICALS, INC.      JURY TRIAL DEMANDED
           Defendant.

------------------------------------------------------------------

**And in the Matter of**

------------------------------------------------------------------

MAPEI INC., MAPEI CARIBE, INC. and
MAPEI CORPORATION,

                  CIVIL ACTION NO. 07-1495(SEC)

        Plaintiffs,

      v.

HI-MAR SPECIALTY CHEMICALS, L.L.C. a/k/a
OCTEL PERFORMANCE CHEMICALS, INC.      JURY TRIAL DEMANDED
           Defendant.

------------------------------------------------------------------

## ORDER GRANTING LEAVE TO IMPLEMENT STIPULATION
## OF THE PARTIES REGARDING JURISDICTIONAL DISCOVERY

After considering the Stipulation of Parties Regarding Jurisdictional Discovery, the Court

hereby:

GRANTS Leave and implements the Stipulation of Parties Regarding Jurisdictional

Discovery extending the deadline for Plaintiffs to file a response to Defendant's Motion to

Dismiss to February 22, 2008.

_____
U.S. District Court Judge
Jay A. Garcia-Gregory

4



**BILL**

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

ZURICH AMERICAN INSURANCE COMPANY,
as Subrogee of Mapei Corp. and Mapei Caribe, Inc.

                    Plaintiff,

v.

HI-MAR SPECIALTY CHEMICALS, L.L.C. a/k/a
OCTEL PERFORMANCE CHEMICALS, INC.
                    Defendant.

**And in the Matter of**

MAPEI INC., MAPEI CARIBE, INC. and
MAPEI CORPORATION,

                    Plaintiffs,

v.

HI-MAR SPECIALTY CHEMICALS, L.L.C. a/k/a
OCTEL PERFORMANCE CHEMICALS, INC.
                    Defendant.

**CURRENTLY PENDING IN**
THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
PUERTO RICO

CIVIL ACTION NO.:
CV CASE NO. 07-1442

CIVIL ACTION NO. 07-1495 (SEC)

Name _6_
Date _12/28/7_
Time _10:30A_
_Par___/_
D C.P.S. # _13/\_

TO:  Vic Carrillo, Sr.
      Vi-Chem
      7210 N.W. 77th Street
      Medley, FL 33166

_moved 2X) 8422 NW 66st Doral_

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒  YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>Cozen O'Connor, Wachovia Financial Center, 200 South Biscayne Blvd, Suite 4410 Miami, Fl 33131. | DATE AND TIME<br>January 11, 2008 at 10:00 a.m. |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached for documents to bring with you at the time of your deposition noted above.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATING IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>_Anaysa Gallardo_ Attorney for the Plaintiffs | DATE<br>December 21, 2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Anaysa Gallardo, Esquire, Cozen O'Connor, Wachovia Financial Center, 200 South Biscayne Blvd, Suite 4410 Miami, Fl 33131.
          (See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
| SERVED | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service true and correct.

Executed on

| | |
|---|---|
| DATE | SIGNATURE OF SERVER |
| | ADDRESS OF SERVER |

Rule 45, Federal Rules of Civil Procedure, subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the

subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

Case 3:07-cv-01442-JAG Document 19-2 Filed 01/25/2008 Page 5 of 3

## ATTACHMENT TO SUBPOENA

1.     Any and all documents reflecting the sale of products manufactured by Hi-Mar Specialty Chemicals, L.L.C. to customers in Puerto Rico from January 1, 2002 through the present.

2.     Any and all documents reflecting sales calls, mailings or other efforts to sell products manufactured by Hi-Mar Specialty Chemicals, L.L.C. to customers in Puerto Rico from January 1, 2002 through the present.

3.     Any and all documents reflecting, relating to or referring to the sale of Octafoam D-832 to Mapei during the period January 1, 2002 through the present.

4.     Any and all distributor, broker, sales agent, sales representative or other agreements between your company and Hi-Mar Specialty Chemicals, L.L.C. in effect during the period January 1, 2002 through the present.

5.     Any and all communications, including but not limited to letters, email communications and telecopies, between your company and Hi-Mar Specialty Chemicals, L.L.C. relating to the fire at Mapei's facility in Dorado, Puerto Rico on or about June 11, 2006.

6.     Any and all documents in your possession referring to, relating to or reflecting any incident of smoking, off-gassing, self-heating, burning, overheating, flaming or combustion of Octafoam D-832, without limitation as to time or place.

3