UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO:  08-80255-CIV-MARRA/JOHNSON

ZURICH AMERICAN INSURANCE
COMPANY, as subrogee of Mapei
Corp. and Mapei Caribe, Inc.

  Plaintiff,

v.

HI-MAR SPECIALTY CHEMICALS,  LLC,

  Defendant.
_____/

And in the Matter of

MAPEI, INC., MAPEI CARIBE, INC. and
MAPEI CORPORATION,

  Plaintiffs,

v.

HI-MAR SPECIALTY CHEMICALS, LLC

  Defendant.
_____/

HI-MAR SPECIALTY CHEMICALS, LLC,

  Third-Party Plaintiff,

v.

BASF CORPORATION and
EMCO CHEMICAL DISTRIBUTORS, INC.

  Third-Party Defendants.
_____/

## THIRD-PARTY DEFENDANT, EMCO CHEMICAL DISTRIBUTORS, INC.'S CROSS CLAIM AGAINST BASF FOR INDEMNITY AND BREACH OF IMPLIED WARRANTY

**COMES NOW** Defendant, EMCO CHEMICAL DISTRIBUTORS, INC., (hereinafter "EMCO") by and through undersigned counsel and hereby files its Cross Claim against BASF CORPORATION (hereinafter "BASF") for Indemnity and Breach of Implied Warranty, and says:

1.  This court has jurisdiction over the subject matter and the parties hereto for the reasons set forth in in paragraphs 1 – 12 of the Third Party Complaint filed by Hi-Mar Speciality Chemicals, LLC (hereinafter "Hi-Mar").

2.  EMCO has been sued by Hi-Mar for negligence, indemnification, breech of warranty, and strict liability all as alledged in Hi-Mar's Third Party Complaint, a copy of which has been served on both EMCO and BASF (D.E.  45).

### COUNT I – CLAIM AGAINST BASF FOR INDEMNITY

3.  Third Party Defendant realleges the allegations to Paragraphs 1 and 2 as if fully set forth herein.

4.  This is an action for indemnity against BASF who is or may be liable to EMCO for all or part of the Third Party Plaintiff's claims against EMCO.

5.  EMCO denies that the D-832 was defective as alleged by the Third Party Plaintiff in their Complaints.  If however, it is determined that the D-832 is defective as alleged, which is denied, any defect in the D-832 was due to the defective condition of the P-2000 supplied by BASF, and not by any fault, action or omission of EMCO, but only as a result of the fault, actions or omission of BASF.

6.  BASF and EMCO have a special relationship such that EMCO may be held vicariously, technically, or derivatively  liable for alleged defects and deficiencies of the P-2000 as well as component chemicals and/or ingredients manufactured or supplied by BASF and/or its failure to properly liable or otherwise warn EMCO of the product's properties relevant to its use and storage.

7.  The alleged fire occurred through BASF's fault, neglect, and carelessness, and that of its agents or employees in negligently manufacturing a dangerous product, and negligently failing to test or inspect the product particularly for its stability.

8.      Upon belif it  was not discovered until sometime after the incident and was confirmed by BASF that it had removed in inhibitor and/or stabilizer from the P-2000 that was sold to EMCO in 2006 and used by HI-MAR as a component chemical in its production of D-832 and other products, and that said removal of the inhibitor/stabilizer rendered the P-2000 unstable.

9.      EMCO had no knowledge and no way of knowing that BASF had removed the inhibitor and/or stabilizer from the P-2000 or that the P-2000 needed an inhibitor/stabilizer.

10.     BASF negligently failed to provide adequate warnings reasonable designed and intended to alert customers such as EMCO of the potential dangers and consequences of P-2000 without any inhibitor or stabilizer and negligently failed to distribute to consumers safety literature or instructions regarding the dangers of P-2000 without the inhibitor or stabilizer.

11.     BASF and its agents or employees negligently and carelessly designed, manufactured, refined, processed gold and/or distributed the P-2000, knew and in the exercise of reasonable care had reason to know that such P-2000 without an inhibitor and/or stabilizer would be susceptible to spontaneous degradation and in turn cause the D-832 and other products to self-heat and therefore was defective and dangerous in its condition and unreasonably dangerous to users of the P-2000 such as HI-MAR who used the P-2000 as a component chemical in producing the D-832 and other products.

12.     BASF negligently failed to warn, instruct or adequately notify EMCO of the dangerous risks and hazards associated with P-2000 not having an inhibitor or stabilizer and/or the safe proper method of using  the P-2000 without an inhibitor or stabilizer.

13.     Accordingly, if in fact EMCO is found responsible for the alleged fire and damage, it could only be by reason of the actions and/or omissions of BASF in the design, manufacture, promotion, marketing, selling or failure to warn of the defective and/or hazardous condition and/or failure to warn of the instability of the P-2000.

14.     As a direct and proximate result thereof, EMCO would be entitled to complete indemnity over and against BASF for any loss and/or damages suffered by Third Party Plaintiff's claims.

15.     EMCO is entitled to recover its attorney's fees in defending the Third Party Plaintiff's claims under the law of indemnity.

WHEREFORE, Third Party Defendant, EMCO CHEMICAL DISTRIBUTORS, INC. requests that this Court:

A.     Enter a judgment against BASF CORPORAITON for any amount that Third Party Defendant EMCO may be required to pay Third Party Plaintiff event that this Court determines that the D-832 was defective as alleged in Third Party Plaintiff's Complaint;

B.     Award Third Party Defendant  EMCO the costs of suit and attorney's fees in defending the Third Party Plaintiff's lawsuit; and

C.     Award Third Party Defendant EMCO such other and further leave as this Court deems just and equitable.

## COUNT II – CLAIM AGAINST BASF FOR IMPLIED WARRANTY

16.     Third Party Defendant realleges the allegations to Paragraphs 1 and 2 as if fully set forth herein.

17.     BASF impliedly warranted to EMCO that the P-2000 was merchantable and was fit for the purpose for which EMCO intended to use the P-2000, to-wit, to supply others as an ingredient of dry defoamers.

18.     As consequent thereof, EMCO has suffered out-of-pocket losses defending against Third Party Plaintiff's claims.

WHEREFORE, Third Party Defendant, EMCO CHEMICAL DISTRIBUTORS, INC., requests a judgment against BASF for its damages, prejudgment interest, costs and all other relief which this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Third Party Defendant, EMCO CHEMICAL DISTRIBUTORS, INC., demands trial by jury on all issues so triable.

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing, on December 8, 2008.

Marshall, Dennehey, Warner,
    Coleman & Goggin
Counsel for EMCO CHEMICAL
DISTRIBUTORS, INC.
1 East Broward Boulevard
Suite 500
Fort Lauderdale, FL  33301
Telephone No.:  (954) 847-4920
Facsimile No.:  (954) 627-6640


By:s/R. David Ravine
    R. David Ravine
    Florida Bar Number:  249701

Case No:  08-80255-CIV-MARRA/JOHNSON

Case No:  08-80255-CIV-MARRA/JOHNSON

## <u>SERVICE LIST</u>

| | |
|---|---|
| Jan M. Kuylenstierna<br>Fla. Bar # 375985<br>Email:  ikuylenstiernacdfowler-white.com<br>**FOWLER WHITE**<br>1395 Brickell Avenue<br>Miami, FL  33131<br>Phone: 305-789-9200<br>Fax:  305-789-9201<br>Counsel for Hi-Mar Specialty Chemicals, Inc.<br>Served by CM/ECF | Neil M. Rosenbaum<br>ARDC No. 6283878<br>Email: nrosenbaum@fvldlaw.com<br>**FUNKHOUSER VEGOSEN**<br>55 West Monroe Street, Suite 2300<br>Chicago, IL  60603<br>Phone: 312-701-6824<br>Fax: 312-701-6801<br>Pro Hac Vice for Hi-Mar Specialty Chemicals, Inc.<br>Served by CM/ECF |
| Douglas B. Fox<br>Email: dfoxc@cozen.com<br>**COZEN O'CONNOR**<br>1900 Market Street<br>3rd Floor – The Atrium<br>Philadelphia PA  19103<br>Phone: 215-665-2017<br>Fax: 877-286-4536<br>Counsel for Mapei Caribe, Inc. | Anysa Gallardo<br>Email: agallardo@cozen.com<br>**COZEN O'CONNOR**<br>2000  S. Biscayne Blvd. – Suite 4410<br>Miami, FL  33131<br>Phone: 305-704-5940<br>Fax: 305-704-5955<br>Counsel for Zurich American Insurance Co. |
| Jake P. Skaggs<br>Email: jskaggs@cozen.com<br>**COZEN O'CONNOR**<br>One Houston Center – Suite 2900<br>Houston, TX  77010<br>Phone: 832-214-3900<br>Fax: 832-214-3905<br>Counsel for Mapei Caribe, Inc.<br>Served by CM/ECF | Joseph Ianno, Jr.<br>Email: jianno@carltonfields.com<br>**CARLTON FIELDS, PA**<br>City Place Tower – Suite 1200<br>525 Okeechobee Blvd.<br>W. Palm Beach, FL  33401<br>Phone: 561-659-7070<br>Fax: 561-659-7368<br>Counsel for BASF Corporation<br>Served by CM/ECF |
| Richard M. Dunn<br>Email: rdunn@cozen.com<br>**COZEN O'CONNOR**<br>200 S. Biscayne Blvd. – Suite 4410<br>Miami, FL  33131<br>Phone: 305-704-5940<br>Fax: 305-704-5955<br>Counsel for Zurich American Insurance | Seth Erbe<br>**INDIANO & WILLIAMS PSC**<br>207 Del Parque Street – Third Floor<br>San Jan, PR  00912<br>Phone: 787-641-4545<br>Fax: 787-641-4544<br>Counsel for Mapei Caribe, Inc. |

22/201603.v1